**Hasarauf M. HANIFFA, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[1] Respondent.**

**No. 03–40138.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

John Assadi, Assadi & Marks, LLP, New York, NY, for Petitioner.

Darilynn J. Knauss, Assistant United States Attorney, Peoria, Illinois, for David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. FREDERICK J. SCULLIN, Jr., District Judge.[2]

---

1. U.S. Attorney General Alberto R. Gonzales is substituted for John Ashcroft as Respondent. *See* Fed. R.App. P. 43(c)(2).

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner, a Tamil Muslim from Colombo, Sri Lanka, sought in the administrative process both a grant of asylum and withholding of removal. His request for asylum was denied as untimely while his request for withholding of removal was granted as meritorious. Before this Court, petitioner seeks review of the denial of his request for asylum.

Based upon petitioner's testimony and the documentary evidence submitted, the Immigration Judge ("IJ") found that petitioner "has established a well-founded fear of persecution on the basis of an imputed political opinion." Petitioner became ensnared against his will in the conflict between the Liberation Tigers of Tamil Eelam ("LTTE") and the Sri Lankan government. The LTTE looted and destroyed his business and home, and made death threats against him for even the slightest cooperation with the government. The government detained him for his coerced cooperation with the LTTE and threatened severe punishment for any future cooperation. The LTTE then threatened to kill him for his cooperation with the police. Thus, the IJ granted petitioner withholding of removal, and the Board of Immigration Appeals ("BIA") affirmed that grant.

However, the IJ also found that petitioner entered the United States on December 25, 1996, and did not file for asylum until more than one year thereafter. Indeed, petitioner does not dispute as much. Instead, petitioner argued—and argues still—that his failure to file in a timely manner should be excused as an "extraordinary circumstance" under 8 U.S.C. § 1158(a)(2)(D). Specifically, petitioner argues that his "extraordinary circumstance" is that he did not intend or desire to remain permanently in the United States upon his arrival here, but rather intended to wait until the unrest at home settled, so that he might return home to his family. As this hope grew increasingly unrealistic, petitioner decided to seek asylum in the United States. However, that decision appears to be tragically late.

Because the IJ found petitioner's application for asylum untimely, and because the IJ did not find petitioner's reason for delay to qualify as an "extraordinary circumstance" under 8 U.S.C. § 1158(a)(2)(D), the IJ denied petitioner's application for asylum. The BIA affirmed that denial. While the grant of withholding of removal means that petitioner can remain in the United States, the denial of petitioner's application for asylum apparently prevents petitioner from seeking to bring his family to the United States. The result is an almost impossible choice: live in safety while separated from one's family and their perilous life a world away, or join them in their peril and risk the probability of death or imprisonment.[3] Sadly, we must deny the petition—Congress has stripped this Court of jurisdiction to do otherwise.

To qualify for asylum, an alien must "demonstrate[ ] by clear and convincing

---

**2.** The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

**3.** Indeed, "[i]n a written correspondence over one year after the [p]etitioner's entry into the United States, the [p]etitioner's wife notified him that Sri Lankan government forces raided her new residence and threatened to kill the [p]etitioner once they located him."

evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). However, "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application," the application for asylum may be considered despite its untimeliness. *Id.* § 1158(a)(2)(D). In petitioner's case, the IJ concluded that petitioner did not qualify for this exception, and the BIA affirmed.

The Government contends that we lack jurisdiction to consider the denial of a § 1158(a)(2)(D) exemption for petitioner. As the Third Circuit has noted, "[i]n most cases, this court has jurisdiction to review ... the denial of an asylum request." *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir.2003). With respect to denials of § 1158(a)(2)(D) exemptions, however, Congress has precluded judicial review. INA Section 208(a)(3), 8 U.S.C. § 1158(a)(3), entitled "Limitation on judicial review," specifically provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes § 1158(a)(2)(D) exemptions for "extraordinary circumstances."

"While there must be 'clear and convincing evidence' to support a finding that Congress intended to preclude judicial review of an administrative action, specific language in a statute that indicates an intent to preclude judicial review satisfies

this requirement." *Tarrawally*, 338 F.3d at 185 (citing *Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin. Inc.*, 502 U.S. 32, 44, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991)). "[T]he language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." *Id.*[4] As a result, recently, this Court—in an opinion consistent with our sister circuits—recognized that "we lack jurisdiction to review an asylum application that the BIA has deemed untimely or as to which the BIA has found neither changed nor extraordinary circumstances excusing the untimeliness." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151 (2d Cir.2006).[5]

The enactment of the REAL ID Act of 2005, Pub.L. 109–13, 119 Stat. 231, 302 ("REAL ID Act"), does not alter the absence of jurisdiction. Section 106(a)(1)(A)(iii) of the REAL ID Act states that "[n]othing in ... any ... provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." REAL ID ACT § 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)). However, even after the enactment of § 106(a)(1)(A)(iii), which, as we have recently explained, "provides us with jurisdiction to review constitutional

---

4. We note, without exploring, the here-unraised potential to challenge this jurisdiction-stripping provision under the Exceptions Clause to the United States Constitution. U.S. CONST. Art. III, § 2, cl. 2.

5. *See also Njenga v. Ashcroft*, 386 F.3d 335, 339 (1st Cir.2004); *Zaidi v. Ashcroft*, 377 F.3d 678, 681 (7th Cir.2004); *Castellano–Chacon v.*

*INS*, 341 F.3d 533, 544 (6th Cir.2003); *Tarrawally*, 338 F.3d at 185; *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234–35 (10th Cir.2003); *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1217–18 (11th Cir.2002); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001); *Ismailov v. Reno*, 263 F.3d 851, 854–55 (8th Cir.2001).

claims or matters of statutory jurisdiction," *Xiao Ji Chen*, 434 F.3d at 154, "we remain deprived of jurisdiction to review discretionary and factual determinations" such as the existence of an "extraordinary circumstance," *id.; accord Grass v. Gonzales*, 418 F.3d 876, 879 (8th Cir.2005); *Vasile v. Gonzales*, 417 F.3d 766, 768–69 (7th Cir.2005).

Accordingly, for the reasons set forth above, the petition for review is hereby **DISMISSED** for want of jurisdiction.