PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GALINA P. YERKOVICH,

        Petitioner,

v.

JOHN ASHCROFT, Attorney General,

        Respondent.

No. 02-9562

---

**PETITION FOR REVIEW OF AN ORDER FROM**
**THE BOARD OF IMMIGRATION APPEALS**
**(No. A76-260-249)**

---

Submitted on the briefs:

L. Ari Weitzhandler, Denver, Colorado, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, and James E. Grimes, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

**BRISCOE**, Circuit Judge.

---

Petitioner seeks review of a Board of Immigration Appeals (BIA) order upholding a decision of the immigration judge (IJ) denying her request for a continuance of her deportation proceedings and ordering her removal. Because we conclude we lack jurisdiction, we dismiss the petition. [1]

I.

Petitioner is a Russian native and citizen who was admitted to the United States in 1996 on a visitor's visa. She came to visit her daughter, who was then married to an American citizen. Petitioner's authorization to remain in this country expired in July of 1997. In January of 1998 she was served by the Immigration and Naturalization Service (INS) [2] with a notice to appear, charging that she was removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who had stayed longer than permitted. Admin. R. at 171-72.

Petitioner first appeared before the IJ in April of 1998. At her request, she was granted several continuances (to August 5, 1998, to December 16, 1998, to

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] On March 1, 2003, the INS ceased to exist, and its functions were transferred to the U.S. Citizenship and Immigration Services within the newly formed Department of Homeland Security. *Yuk v. Ashcroft*, 355 F.3d 1222, 1224 n.3 (10th Cir. 2004). Because the events underlying this petition for review predate that reorganization, we refer to the INS in this opinion.

March 3, 1999, to April 14, 1999). [3]  At the April 14 hearing, having been informed that her request for deferred action had been denied, petitioner admitted the allegations in the notice to appear, conceded removability, and requested relief in the form of a voluntary departure.  The IJ continued the proceedings to consider petitioner's voluntary departure request.

The final hearing was held on July 6, 1999.  Prior to that hearing, petitioner filed a motion to continue the proceedings and to amend her pleadings, stating that her daughter had recently passed a naturalization examination and anticipated being sworn in as a citizen in the near future.  Petitioner's motion indicated that if her daughter were to be naturalized, petitioner could apply for an adjustment of status to that of a lawful permanent resident as an immediate relative of a United States citizen.

---

[3]      The general purpose of petitioner's requested continuances appears to be an effort to obtain a "deferred action" by the INS to enable her to remain here to help her daughter and care for her grandchild.  In *Velasco-Gutierrez v. Crossland*, 732 F.2d 792, 794 (10th Cir. 1984), this court described a deferred action as "'an informal administrative stay of deportation . . . having no effect on an alien's adjudication as deportable but potentially leading to an extended stay in this country,'" and as "a 'reprieve' from deportation–an administrative decision by the INS to take no action against an otherwise deportable alien." (citations omitted); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) (explaining that "[a]pproval of deferred action status means that, for . . . humanitarian reasons . . ., no action will thereafter be taken to proceed against an apparently deportable alien . . . .").

The IJ denied the motion to continue on June 29, 1999, but at the July 6 hearing, petitioner sought to "reraise" the issue. INS counsel opposed any further continuances because at that point petitioner was only eligible for voluntary departure and because it would likely take another eighteen months to two years for petitioner's visa petition to be approved, even assuming her daughter were to become naturalized. In response, petitioner's counsel argued that it was unfair to punish petitioner for the fact that the INS could not timely adjudicate her visa petition. Admin. R. at 62. The IJ denied petitioner's motion to further continue the proceedings, noting that the case had already been pending for over a year and that it had been continued several times. The IJ then granted petitioner's request for voluntary departure.

The BIA dismissed petitioner's appeal, finding no abuse of discretion by the IJ. [4] The BIA found no prejudice because petitioner had "failed to submit evidence establishing her daughter's naturalization or the availability of an immediate relative visa" and because she had "not, to date, presented evidence of her eligibility for adjustment of status." *Id.* at 2. The BIA decision also informed petitioner she could "present evidence of her adjustment eligibility in a motion to reopen filed in compliance with 8 C.F.R. § 3.2(c)(2002)" (now

---

[4] The BIA noted that the "only issue raised on appeal" was the IJ's failure to grant a further continuance of the proceedings so petitioner's "daughter could complete the naturalization process." Admin. R. at 2.

codified at 8 C.F.R. § 1003.2(c)).    *Id.* at 2 n.1.  She did not file a motion to reopen.

II.

On appeal, the government challenges this court's jurisdiction, arguing that the IJ's decision to grant or deny a continuance is a discretionary action that we are precluded from reviewing under 8 U.S.C. § 1252(a)(2)(B)(ii), which states, in relevant part:

**(B) Denials of discretionary relief**

Notwithstanding any other provision of law, no court shall have jurisdiction to review–

. . .

**(ii)**  any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

The phrase "this subchapter" refers to 8 U.S.C. §§ 1151-1378.    *Van Dinh v. Reno* , 197 F.3d 427, 433 (10th Cir. 1999).  An IJ's authority to conduct removal proceedings is found in 8 U.S.C. § 1229a(a), a section within the referenced subchapter.   Although the statutes themselves do not specifically confer discretion on the Attorney General to grant or deny a continuance, the regulations clearly confer such discretion on the IJ.    *See* 8 C.F.R. § 1003.29 ("[t]he Immigration Judge    *may* grant a motion for continuance for good cause

shown") (emphasis added). In addition, "[i]mmigration judges and the Board of Immigration Appeals are designees of the Attorney General and thus are governed by provisions regarding the Attorney General. *See* 8 C.F.R. § 3.10 [now 8 C.F.R. § 1003.10]." *Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949 (6th Cir. 2002) (concluding that IJs and the BIA make discretionary decisions when addressing "'extreme hardship'" under former 8 U.S.C. § 1254 (covering suspension of deportation)); *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 158 n.6 (3d Cir. 2004) (holding that IJs are Attorney General's designees).

We must answer the jurisdictional question before proceeding further:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.

*Payton v. United States Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

Petitioner did not respond to the government's argument that this court lacks jurisdiction to review the IJ's discretionary denial of a continuance. Rather, she apparently relies on the general grant of jurisdiction over final orders

of removal found at 8 U.S.C. § 1252(a)(1), even though she inadvertently cited to 8 U.S.C. § 1252(b), which simply describes requirements for review of removal orders. Pet'r Br. at 3. In this case, however, petitioner conceded deportability and was granted the only form of relief to which she was entitled–voluntary departure. Thus, the only action challenged is the IJ's denial of an indefinite continuance, which petitioner has at least implicitly conceded was a matter of discretion. Indeed, the final hearing before the IJ, petitioner specifically relied on *Matter of Sibrun* , 18 I. & N. Dec. 354, 356-57 (BIA 1983) (holding continuance is within IJ's sound discretion). Admin. R. at 63. However, in her appellate brief, petitioner now suggests, without authority, that *Matter of Sibrun* should be overruled. Pet'r Br. at 7.

### III.

In *Van Dinh* , 197 F.3d at 433, we held that because "§ 1252(a)(2)(B)(ii) provides that no court has jurisdiction to review *any* decision or action the Attorney General has discretion to make 'under this subchapter' except for 'the granting of relief under section 1158(a) [asylum],'" the plaintiffs were barred from proceeding in district court with a *Bivens* action seeking to restrain their transfer, pending deportation, from an INS facility in Colorado to another facility. The court noted that § 1252 "addresses a multitude of jurisdictional issues, including ones that are collateral to the review of a final order of

-7-

deportation." *Id.* at 432 (listing specific sections barring review and/or limiting jurisdiction). This is a broad restriction on our jurisdiction, in keeping with "the limitations on judicial review, designed to 'protect[] the Executive's discretion from the courts . . . [which] can fairly be said to be the theme of the [Illegal Immigration Reform and Immigrant Responsibility Act of 1996].'" *Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999)). In a case which did *not* involve the Attorney General's exercise of discretion, we reiterated that "§ 1252(a)(2)(B)(ii) strips the courts of jurisdiction to review only matters falling within the Attorney General's discretion." *Sierra Immigration & Naturalization Serv. v. INS*, 258 F.3d 1213, 1217 (10th Cir. 2001).

Our sister circuits have also recognized that "the plain meaning of § 1252(a)(2)(B)(ii)'s text" bars courts from reviewing relief "specified under this subchapter." *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)), *cert. denied*, No. 03-1085, 2004 WL 194014 (U.S. June 7, 2004); *El-Khader v. Monica*, 366 F.3d 562, 566 (7th Cir. 2004) (noting "[o]nly discretionary decisions by the Attorney General to grant asylum under § 1158(a) are expressly excepted from the force and effect of § 1252(a)(2)(B)(ii)"); *CDI Info. Servs., Inc. v. Reno*, 278 F.3d 616, 621 (6th Cir. 2002) (holding "Congress has plainly precluded review of discretionary decisions

like the . . . [denial of a] visa extension). *See also Onyinkwa v. Ashcroft*, No. 03-2160, 2004 WL 1574514 *2 (8th Cir. July 15, 2004) (holding "the power to grant continuances is within the discretion of immigration judges") (*to be published at* 376 F.3d 797). The *CDI Information Services* court also noted that the relevant regulation governing the visa extension request, 8 C.F.R. § 214.1(c)(5), "clearly confers" discretion on the INS. *Id.* at 619.

The Ninth Circuit, however, has held that § 1252(a)(2)(B)(ii) does not refer to discretionary decisions, but rather "to acts the *authority* for which is *specified* under the [Immigration and Naturalization Act] to be discretionary." *Medina-Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir. 2004) (quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003)). Thus, that court has concluded that "the jurisdictional bar in § 1252(a)(2)(B)(ii) applies only to acts over which a statute gives the Attorney General pure discretion unguided by legal standards or statutory guidelines." *Id.* To the extent these holdings may conflict with *Van Dinh*, we are bound, of course, by our own precedent. Moreover, the dissent in *Spencer Enterprises* noted that the majority opinion was "completely at odds" with *Van Dinh*, which the dissent characterized as "recogniz[ing] that discretionary decisions that do not contain explicitly discretionary language are nevertheless barred from judicial review under § 1252(a)(2)(B)(ii)." *Spencer Enters.,* 345 F.3d at 697-98 (Beezer, J.,

dissenting). The dissent further concluded that the majority was also in conflict with a prior Ninth Circuit decision, *Matsuk v. INS*, 247 F.3d 999, 1002 (9th Cir. 2001), and with *CDI Information Services*, 278 F.3d at 620, both of which had "held that § 1252(a)(2)(B)(ii) precludes judicial review of the Attorney General's discretionary decisions." *Spencer Enters.,* 345 F.3d at 695.

Finally, we note that the Third Circuit recently addressed these differing views of the scope of § 1252(a)(2)(B)(ii), describing this court as holding the statute "applies to *all* discretionary decisions enumerated in the relevant subchapter of Title 8 . . ., regardless of the context in which the decisions were made." *Urena-Tavarez*, 367 F.3d at 159 (citing *Van Dinh*, *CDI Info. Servs.,* and *Samirah*). The court in *Urena-Tavarez* also observed that *Spencer Enterprises* reached a different conclusion, holding instead that § 1252(a)(2)(B)(ii) does not refer to discretionary decisions but rather to "'acts the *authority* for which is specified . . . to be discretionary.'" 369 F.3d at 159 (quoting *Spencer Enters.*, 345 F.3d at 689). While we acknowledge the different view of the Ninth Circuit, as noted earlier, we decline to follow it.

We hold that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of the IJ's discretionary decision denying petitioner's motion for a continuance. Accordingly, the petition for review is DISMISSED.