Fouad Ahmed SALEH, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 03–4277.

United States Court of Appeals, Second Circuit.

June 28, 2005.

Mario DeMarco, Port Chester, N.Y. (on submission), for Petitioner.

Joan Laser, Assistant United States Attorney, for Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois (James P. Fleissner and Carol J. Ryczek, Assistant United States Attorneys, on the brief) (on submission), for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, and KEENAN,* District Judge.

## SUMMARY ORDER

Petitioner, Fouad Ahmed Saleh ("Saleh"), a native and citizen of Egypt, appeals the decision of the BIA dismissing his appeal and denying his request for a remand to the Immigration Judge ("IJ").

Saleh entered the United States in August 1997, as a non-immigrant visitor authorized to stay in the country for up to six months. Even though his visa expired, Saleh never left the United States, and in October 2000, the Immigration and Naturalization Service ordered his removal under 8 U.S.C. § 1227(a)(1)(B). A removal hearing was scheduled for March 27, 2001.

At the March 27 hearing, Saleh's counsel requested a continuance for more time to prepare, which the IJ readily granted. The IJ adjourned the proceedings until May 29, 2001, and warned Saleh that this continuance would be the only one permitted.

When the parties reconvened on May 29, 2001, Saleh admitted all of the allegations against him; his counsel, however, asked for another continuance. This time, the stated reason was the existence of a pending I–130 petition, which had been filed by Saleh's new wife, an American citizen, whom he married after his removal proceedings had begun, but before the March 27, 2001 hearing. If the I–130 petition were granted, Saleh might no longer be subject to removal.

The IJ denied Saleh's request for a second continuance. Though acknowledging that ordinarily a continuance, pending resolution of a I–130 petition, would be granted in due course, the IJ stated that this did not apply when the marriage which gave rise to the petition occurred after the institution of proceedings against the alien. The IJ also found, incorrectly, that an earlier I–130 petition filed by Saleh's first American wife had been denied.[1]

Saleh appealed to the BIA. Among other things, Saleh argued (1) that the IJ erred in concluding that the first I–130 petition filed on his behalf had been denied, and (2) that the IJ abused its discretion in denying his request for a continuance.

The BIA rejected Saleh's appeal. It held that the IJ appropriately determined that Saleh did not demonstrate good cause for a continuance and, accordingly, that the denial of Saleh's request for an ad-

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

1. Earlier in his time in the United States, Saleh had married a different American citi-

zen. This previous wife also submitted an I–130 on Saleh's behalf, but the marriage dissolved, and that first I–130 was withdrawn before the INS could issue a ruling on the petition.

journment was proper. The BIA further stated that Saleh had been warned by the IJ that he would be provided only one adjournment and that the administrative record did not include any evidence of Saleh's purported second marriage.

On appeal to this court, Saleh makes two arguments. First, he alleges that the IJ violated his constitutional right to equal protection because, in denying his request for a continuance, the IJ treated Saleh differently than other aliens who have sought continuances in cases based on filed I–130 petitions. Second, Saleh contends that the IJ erred in declaring that the first I–130 petition had been denied. Saleh explains that he withdrew that petition and, given that the IJ relied on an incorrect fact about a prior proceeding to make an adverse ruling in the instant matter, the judgment against Saleh should be vacated.

## I.

 Because Saleh did not raise his equal protection argument in his appeal to the BIA, it is not properly before us. "Before an alien can seek judicial review of his removal decision, the [Immigration and Nationality Act] requires that he exhaust all administrative remedies available to him." *Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (per curiam); 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if ... (1) the alien has exhausted all administrative remedies available to the alien as of right ....."); *see also Theodoropoulos v. INS,* 358 F.3d 162, 173 (2d Cir.2002) (concluding that the federal courts have no jurisdiction to hear petitioners' appeals with respect to allegations not raised before the BIA). In any event, and leaving aside his failure to exhaust, given the absence of any specific description by Saleh of unequal treatment among aliens, let alone the lack of any evidence supporting discrimination, Saleh's equal protection challenge, on the merits, is unavailing.

## II.

 Some circuits have held that decisions by the Attorney General to grant or deny a continuance in an immigration proceeding are not reviewable, *see Yerkovich v. Ashcroft,* 381 F.3d 990, 995 (10th Cir. 2004); *Onyinkwa v. Ashcroft,* 376 F.3d 797, 799 & n. 1 (8th Cir.2004); we need not, however, decide that question today. *Cf. Subhan v. Ashcroft,* 383 F.3d 591, 595 (7th Cir.2004) (stating the general presumption that a denial of a continuance is not subject to judicial review but noting an exception where a continuance is sought to allow adjustments based on marriages to U.S. citizens.). The BIA did not adopt the IJ's erroneous finding regarding the prior I–130 petition but rather rested its decision on the fact that Saleh did not introduce any evidence related to his second marriage or to the second I–130 petition. Because there was nothing in the record to attest to the marriage—let alone to its bona fides—and because the IJ had advised Saleh, after Saleh had remarried, that he would be permitted only one continuance,[2] the BIA did not abuse its discretion in affirming the denial of a request for a continuance. *Cf. Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256, 2002 WL 393173 (BIA 2002) (noting that one of the reasons for allowing an alien to reopen a case is the presence of clear and convinc-

---

**2.** The second marriage took place before Saleh's first hearing. During that hearing, the IJ asked Saleh's counsel how long a continuance would be necessary. Counsel could have informed the court that Saleh's new wife was likely to file an I–130 petition and, on that basis, could have requested that the hearing be adjourned until a decision was made with regard to that petition. Under the circumstances, the IJ's refusal to grant an additional, later, continuance, and the BIA's affirmance of that decision, appear quite reasonable.

ing evidence that the respondent's marriage is bona fide).

We have considered all of Saleh's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED.[3]

3. At the May 29 removal hearing, Saleh's counsel indicated that, except for a continuance, his client was not seeking any other form of relief—not even voluntary departure. On appeal to the BIA, Saleh, acting through a new attorney, stated that his prior counsel was ineffective in failing to petition for voluntary departure. He pointed out that, if a final order of removal were issued against him, he would nevertheless be barred from returning to the United States for ten years. He added that this would conflict with his earlier right to return as a potential beneficiary of an I–130 application.

The BIA rejected Saleh's request for voluntary departure, and Saleh did not challenge that decision on appeal to this court. Because it has not been raised, we have no authority over the question. We nonetheless express hope that the Government—recognizing the harm that would come were the I–130 petition granted and were Saleh nevertheless barred from reentry for many years—might, on its own, grant voluntary departure to Saleh.