**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OBINNA FAUSTINUS EMEJURU,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

Respondent.

No. 04-9601

(B.I.A. No. A95 556 405)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, **PORFILIO**, and **HARTZ**, Circuit Judges.

Petitioner Obinna Emejuru contests the denial by the immigration judge (IJ) of his

request for a continuance of his removal proceedings and the summary affirmance of the

denial by the Board of Immigration Appeals (BIA).  Because we lack jurisdiction to

review the discretionary decision denying the continuance request, we dismiss the

petition.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  The
court generally disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    BACKGROUND

Mr. Emejuru is a native of Nigeria who was admitted on a nonimmigrant-student visa on June 2, 1999.  The Bureau of Immigration and Customs Enforcement initiated removal proceedings against him on February 12, 2004, for maintaining unauthorized employment in violation of the Immigration and Nationality Act (INA) § 237(a)(1)(C)(i); 8 U.S.C. § 1227(a)(1)(C)(i).  Mr. Emejuru requested a continuance to allow him to pursue an adjustment-of-status claim on the basis that he was married to a United States citizen.  The IJ ordered him removed on March 17, 2004.  Also, the IJ denied his continuance request, saying that Mr. Emejuru was rendered ineligible for adjustment of status by INA § 212(a)(6)(C)(ii)(I); 8 U.S.C. 1182(a)(6)(C)(ii)(I), which provides that any alien who falsely misrepresents himself to be a citizen of the United States is inadmissible.  The IJ said that Mr. Emejuru had misrepresented himself as a United States citizen by signing an I-9 Employment Eligibility Verification form with the box checked asserting that he was a citizen or national of the United States.  The BIA summarily affirmed the IJ's opinion, making it the final agency determination.  *See* 8 C.F.R. 1003.1(e)(4) (describing procedures for affirmance without opinion).

Mr. Emejuru contests (1) the IJ's finding that he misrepresented himself as a United States citizen and (2) the BIA's affirmance of the denial of a continuance without issuing an opinion.  The challenge to the affirmance-without-opinion procedure is foreclosed by *Yuk v. Ashcroft*.  335 F.3d 1222, 1232 (10th Cir. 2004) (summary-

affirmance procedures do not violate principles of administrative law or due process).  As for the determination that he had misrepresented his citizenship, it was made in the context of a request for a continuance, and is relevant only to a challenge to the denial of the request.  But we have no jurisdiction to hear such a challenge.

INA § 242 (a)(2)(B)(ii); 8 U.S.C. § 1252 (a)(2)(B)(ii), removes our jurisdiction to review certain discretionary decisions made by the Attorney General.  It provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*Id.*  In *Yerkovich v. Ashcroft*, 381 F.3d 990, 993-95 (10th Cir. 2004), we held that the regulation governing the issuance of a continuance, 8 C.F.R. § 1003.29 ("[t]he Immigration Judge may grant a motion for continuance for good cause shown"), clearly confers discretion on the IJ, and thus the grant or denial of a continuance falls within §1252 (a)(2)(B)(ii)'s jurisdiction-stripping provision.  Because we lack jurisdiction to

review the discretionary decision to grant or deny a continuance, we DISMISS the petition.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge