**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODRIGO HERRERA-CEJA,

    Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

    Respondent.

No. 05-9510
(No. A74-576-242)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Rodrigo Herrera-Ceja, a native and citizen of Mexico, petitions for review

of the administrative proceeding ordering him removed from the United States.

Because we lack jurisdiction, we **DISMISS** the petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Herrera-Ceja entered the United States without inspection and was eventually apprehended. After he was served with a Notice to Appear, he applied for cancellation of removal. Because Herrera-Ceja had been convicted of violating 18 U.S.C. § 1546(a) (possession of false immigration documents) and had served approximately eleven months in custody, the immigration judge ("IJ") determined that Herrera-Ceja could not demonstrate that he had good moral character. See 8 U.S.C. § 1101(f)(7) ("No person shall be regarded as, or found to be, a person of good moral character who . . . has been confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more . . . ."). Thus, the IJ held that Herrera-Ceja was statutorily ineligible for cancellation of removal and voluntary departure. See 8 U.S.C. §§ 1229b(b)(1)(B), 1229c(b)(1)(B). The IJ also denied Herrera-Ceja's request for a continuance.

On appeal, the Bureau of Immigration Appeals ("BIA") affirmed in a short decision issued under 8 C.F.R. § 1003.1(e)(5) and denied Herrera-Ceja's request for remand to the IJ. Herrera-Ceja filed a timely petition for review with the Ninth Circuit Court of Appeals, which appropriately transferred the case to this court.

Because the BIA issued its own brief order affirming the IJ's decision, the BIA's decision is the final administrative order for purposes of review. See Schroeck v. Gonzales, 429 F.3d 947, 951 (10th Cir. 2005). Herrera-Ceja argues

-2-

that the BIA erred in (1) holding that he was statutorily ineligible for cancellation of removal; (2) affirming the denial of voluntary departure; (3) affirming the denial of a continuance; and (4) denying his request for remand. We do not have jurisdiction to review any of Herrera-Ceja's arguments.

The Immigration and Nationality Act ("INA") generally precludes judicial review of denials of cancellation of removal, voluntary departure, and requests for continuances. See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i) (barring review of decisions under 8 U.S.C. §§ 1229b (cancellation of removal) & 1229c (voluntary departure)); Yerkovich v. Ashcroft, 381 F.3d 990, 995 (10th Cir. 2004) (citing INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii) in holding that this court lacks jurisdiction to review a refusal of a continuance). However, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310, established this court's jurisdiction to review "constitutional claims or questions of law" raised with regard to otherwise unreviewable immigration decisions. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Section 1252(a)(2)(D) is applicable to this case. See Perales-Cumpean v. Gonzales, 429 F.3d 977, 982 n.4 (10th Cir. 2005) (noting that § 1252(a)(2)(D) is applicable "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment" of the REAL ID Act) (quoting REAL ID Act § 106(b)).

Herrera-Ceja argues that he is eligible for cancellation of removal because only six months of his term of imprisonment was due to his criminal conviction. The remainder of his incarceration, he asserts, is attributable to an immigration hold. Under the REAL ID Act amendments, we have jurisdiction to consider this argument only if we construe it as a constitutional claim or question of law.

We cannot do so. The agency determined that the eleven-month term of imprisonment was attributable entirely to the conviction. This decision is a factual determination and is not the type of argument reserved to this court's jurisdiction. See, e.g., Ramadan v. Gonzales, 427 F.3d 1218, 1222 (9th Cir. 2005) ("Should there be any doubt about the meaning of the term 'questions of law' in the REAL ID Act, the legislative history makes it abundantly clear this term refers to a narrow category of issues regarding statutory construction"). Because Herrera-Ceja's argument does not qualify under § 1252(a)(2)(D), we do not have jurisdiction to review the denial of cancellation of removal.

Similarly, with regard to the denials of both voluntary departure and a continuance, Herrera-Ceja does not assert any constitutional claims or legal issues to support jurisdiction under § 1252(a)(2)(D). Thus, we have no jurisdiction to review these issues.

Finally, Herrera-Ceja challenges the BIA's denial of his "motion to remand the record of proceedings to the Immigration Court to allow him to pursue an application for adjustment of status." Apparently, the BIA treated this motion as

a motion to reopen and denied it on the ground that Herrera-Ceja had not shown prima facie eligibility for adjustment of status. See Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003).

This court generally retains jurisdiction to review the denial of a motion to reopen. See Infanzon v. Ashcroft, 386 F.3d 1359, 1361-62 (10th Cir. 2004). However, where judicial review of the underlying order is precluded, a subsequent motion to reopen is also precluded. Id. at 1362. Because Herrera-Ceja offers no legal questions or constitutional issues that would support jurisdiction under § 1252(a)(2)(D), we lack jurisdiction to consider not only the underlying order, but also the motion to reopen.

Because we lack jurisdiction to consider any of Herrera-Ceja's arguments, the petition for review is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-