**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2006
Decided July 28, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1732

| | |
|---|---|
| PARAMJIT SINGH MULTANI, <br> *Petitioner,* | Petition for Review of an order of the Board of Immigration Appeals |
| *v.* | No. A29 396 661 |
| ALBERTO R. GONZALES, Attorney General of the United States, <br> *Respondent.* | |

**O R D E R**

This petition for review requires us to untangle a snarl of procedural steps that the petitioner, Paramjit Singh Multani, has created for us and the immigration authorities. Multani would like his removal proceedings stayed or administratively closed while his wife appeals from the revocation of the approval of her I-130 petition, which entitled Multani to a visa based on his marriage to a U.S. citizen. Relying on Multani's record of "flouting" the immigration laws in various ways, the IJ denied this request; indeed, he went further and ordered that Multani be deported to India. Multani petitioned for review. We conclude that we have jurisdiction over this petition. Notwithstanding the fact that the Board of Immigration Appeals has, since argument in this case, vacated the revocation of the I-130 petition and remanded for further

proceedings on the *bona fides* of the marriage, we see nothing in the decision of the IJ or the BIA before us that would justify granting the petition for review. Multani must therefore seek whatever further relief may be available to him from the BIA or the appropriate agency within the Department of Homeland Security (DHS).

**I**

Multani, a citizen of India, first entered the United States illegally in 1987. He was arrested by immigration officials in Florida in 1991, at which time the former Immigration and Naturalization Service (INS) issued an Order to Show Cause (OSC) charging him with deportability for illegally entering the United States. Multani failed to appear at his hearing and was ordered deported *in absentia*. In 1996, he turned up in California, where he applied for asylum. In that application (in which Multani used a shortened version of his name, Paramjit Singh), he claimed that he was tortured and beaten in India in 1993, and that he first entered the United States in 1994. He made no mention of his prior immigration proceedings. The application was denied and Multani received another OSC, based on illegal entry. Once again, Multani failed to attend his deportation hearing, and once again, he was ordered deported *in absentia*. Then in 1998, Multani was again found in the United States and charged with deportability for entering the country illegally. This time, a warrant for his deportation was issued, but in February 1999 he sent a letter to the INS, notifying it that he had "self-deported" to Canada and that the INS was "not to bother" him at his new address.

Apparently Canada was not to his liking, because he illegally reentered the United States eight months later. The INS caught up with him quickly and charged him with removability for the illegal reentry. Multani denied that he was removable and requested an opportunity to apply for adjustment of status. His case was transferred to Chicago, and in October 2000, the IJ ordered him deported to India. Multani then filed a motion to reopen his case, arguing that he was denied an opportunity to apply to have his status adjusted to that of a lawful permanent resident, based on an approved I-130 petition filed by his wife, who was a U.S. citizen. Multani concurrently applied to adjust his status, but his application falsely claimed that he had never previously been deported. At the same time, Multani appealed the IJ's October 2000 decision to the BIA, which remanded his case so that the IJ could consider his application for adjustment of status.

At the hearing on Multani's application to adjust his status, the IJ informed him that because of his "self-deportation" in 1999, he was ineligible to adjust status and become a permanent resident. Multani's attorney, however, then informed the IJ that four days earlier, he had filed an I-212 application on Multani's behalf, requesting permission for Multani to reapply for admission to the United States after deportation. The IJ decided to continue the hearing. Before it resumed, the United States Citizenship and Immigration Services (CIS) (a bureau of DHS) revoked the I-130 visa petition that Multani's wife had filed. When the status adjustment hearing resumed,

Multani requested that the IJ continue his case, pending resolution of an appeal of the visa revocation. As we noted above, on April 7, 2006, the BIA ruled favorably on Multani's appeal, ordering "the District Director to provide the petitioner an additional opportunity to submit evidence in support of the bona fides of the marriage." The BIA's order does not comment on any other aspect of the case, although it includes a footnote detailing the various names that DHS asserts Multani has used. Interestingly, the BIA's order of April 7 identifies him as "Paramjit Singh," not as Multani. We think it is fair to conclude, from counsel's submission of the Board's April 7 order, that he concedes that he has used both names.

Back in 2003, however, the IJ refused Multani's request to continue the case or to adjust his status; instead, he issued an order dated June 18, 2004, that concluded with the following language: "IT IS ORDERED that respondent's request for a continuance be denied. IT IS FURTHER ORDERED that the respondent be deported from the United States to India on the charge contained in the Notice to Appear." The IJ explained in the order that Multani's record was "replete with misrepresentations, deceptions, and utter disregard for the laws of the United States." The IJ recognized that he had discretion whether to grant Multani's request for a continuance, but that given Multani's history, this relief was not warranted, nor was any further delay in resolving the case as a whole.

Multani appealed to the BIA, arguing that the IJ had violated his due process rights by not acting impartially, and that the IJ abused his discretion by denying a continuance knowing that Multani's visa had been "revoked in violation of the law." Unmoved, the BIA affirmed the IJ's decision. Foreshadowing its later ruling in the visa appeal, it expressed concern about the revocation of Multani's marriage visa, noting that the only apparent basis for that action was that Multani was "the kind of person who would enter into a sham marriage." This, it concluded, would be an improper reason for such an action. Nevertheless, the BIA found that Multani did not merit discretionary relief, because he "flout[ed] immigration laws" by making misrepresentations in his application, failing to appear for prior hearings, and twice ignoring deportation orders. The BIA's order concludes with the statement "[a]ccordingly, the appeal is dismissed."

## II

The government argues that this court lacks jurisdiction to consider Multani's challenge to the IJ's denial of his request for a continuance pending his appeal of the revocation of the marriage visa. It argues further that we lack jurisdiction to review the IJ's decision to deny Multani's application for adjustment of status. It is true that the governing statute, 8 U.S.C. § 1252(a)(2)(B)(ii), which is entitled "denials of discretionary relief" says that "[n]otwithstanding any other provision of law ... and except as provided in subparagraph (D), ... no court shall have jurisdiction to review... (ii) any other decision or action of the Attorney General or the Secretary of Homeland

Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security...." See *Subhan v. Ashcroft,* 383 F.3d 591, 595 (7th Cir. 2004) (stating in dicta that ordinary denials of continuances are covered by the statutory ban on judicial review); *Yerkovich v. Ashcroft,* 381 F.3d 990, 995 (10th Cir. 2004); but see *Zafar v. U.S. Attorney General,* 426 F.3d 1330, 1334-35 (11th Cir. 2005) (holding that the authority for an IJ to grant a continuance is derived solely from regulations promulgated by the INS, and thus the ban on judicial review does not extend to rulings on motions for continuances). In some situations, however, the denial of a continuance is functionally the final substantive order in the case. See *Subhan,* 383 F.3d at 595-96; see also *Benslimane v. Gonzales,* 430 F.3d 828, 832 (7th Cir. 2005). In those situations, we have held that substance should prevail over form, and that we have the power to review the ultimate decision in the case.

In its zeal to protect the Attorney General's discretion, however, the government has overlooked the fact that, in the final analysis, this is not a petition for review of the denial of a continuance. It is a petition from the final order commanding that Multani be deported to India. As is often the case, Multani is complaining that various procedural steps along the way to that outcome require reversal. But that does not mean that this court lacks jurisdiction to review the deportation order, as we normally do under 8 U.S.C. § 1252(a). See *Hamdan v. Gonzales,* 425 F.3d 1051, 1057 (7th Cir. 2005) (noting that scope of appellate review now includes review of constitutional claims and questions of law). Our jurisdiction over this petition is secure, even though there may be particular rulings that receive special deference.

Unfortunately for Multani, however, this procedural victory is of little avail. His protestations about his inability to gather together all of his prior records ring hollow, especially since he has now conceded the fact that "Paramjit Singh Multani" (whose case was docketed as A29 396 661 by DHS) and "Paramjit Singh (whose case was docketed as A75 019 376 by DHS) are one and the same person. The IJ did not abuse his discretion when he found that Multani did not merit either a continuance or any other kind of discretionary relief. We have no reason to second-guess the IJ's finding that Multani's "record is replete with misrepresentations, deceptions, and utter disregard for the laws of the United States." Finally, we reject Multani's claim that the proceedings before the IJ infringed his due process rights. Among other problems with this argument is the fact that an alien's right to due process does not extend to proceedings that provide only discretionary relief. See *Cevilla v. Gonzales,* 446 F.3d 658, 662 (7th Cir. 2006); *Hamdan,* 425 F.3d at 1060-61. In addition, Multani has given us no reason to think that the IJ and the BIA were anything but impartial and conscientious.

The petition for review is **DENIED**.