**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARTIN RINCON RIVAS and MARIA
CASTRO DE RINCON,

      Petitioners,

v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 06-9545

(Agency Nos.
A78-891-449, A78-891-450)
(Petition for Review from an Order of
The Board of Immigration Appeals)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McWILLIAMS,** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Martin Rincon Rivas (Rincon) and Maria Castro De Rincon (Castro) petition for

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review of an order removing them from the United States to Mexico. Castro contends that the immigration judge (IJ) erred in allowing the Attorney General to withdraw a charge filed against her for false representation. Further, Rincon and Castro jointly contend that the IJ should have granted their request to continue the removal proceedings because Rincon had filed a labor certification request that could result in an employment-based visa. We exercise jurisdiction under 8 U.S.C. § 1252(a) and dismiss the petition for lack of jurisdiction.

I.

Rincon and Castro, a married couple, are citizens of Mexico who entered the United States illegally in early 1997. The Attorney General initiated removal proceedings against them in 2004. In addition to charging both with unauthorized entry, the Attorney General alleged that Castro had also falsely represented herself to be a United States citizen. Over Castro's objection, the IJ subsequently allowed the Attorney General to withdraw the false representation charge before the IJ had made any findings regarding the charge.

Before the IJ ruled on removal, Rincon and Castro's counsel requested a continuance to await a decision by the United States Department of Labor on Rincon's pending application for alien employment certification. The petitioners asserted that the certification would allow Rincon to request an employment-based visa. The IJ denied their request because it was unknown how long the certification process would take and the likelihood of certification was speculative at best.

The IJ thereafter ordered the removal of Rincon and Castro from the United States because they had not provided evidence showing their lawful entry.  The IJ specifically noted that he had made "no finding" on the withdrawn false representation charge.  Aplt. App. at 39. The Board of Immigration Appeals (BIA) affirmed, without opinion, the IJ's rulings.  Rincon and Castro now petition for review of the BIA's decision.

II.

When the BIA "'summarily affirms or adopts an immigration judge's decision, this court reviews the judge's analysis as if it were the BIA's.'"  Wiransane v. Ashcroft, 366 F.3d 889, 897 (10th Cir. 2004) (citation omitted).  We examine legal determinations de novo and findings of fact under a substantial evidence standard.  Niang v. Gonzales, 422 F.3d 1187, 1196 (10th Cir. 2005).  Further, we review jurisdictional issues de novo. Itaeva v. INS, 314 F.3d 1238, 1240 (10th Cir. 2003).  Rincon and Castro argue that the IJ erred in two regards: when he allowed the Attorney General to withdraw the false representation charge, and when he denied their request for a continuance.

A.

Castro contends that the withdrawal of the false representation charge prevented her from refuting it, thereby preserving the allegation as "forevermore unchallengeable in any court or agency."  Pet'r Br. at 21.  Castro argues that she will be unable to return to the United States so long as this allegation remains unadjudicated.

We are without jurisdiction to consider Castro's argument.  Title 8 U.S.C. § 1252(g) deprives us of jurisdiction to review the Attorney General's decision to

-3-

commence or adjudicate removal proceedings:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.*

(emphasis added). The three enumerated acts – commencing proceedings, adjudicating cases, and executing removal orders – "represent the initiation or prosecution of various stages in the deportation process." Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999), reh'g denied by, 526 U.S. 1081 (1999). "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." Id. at 485 n.9. The provision confirms that "[a]t each stage the Executive has discretion to abandon the endeavor" without judicial interference. Id. at 483-84; see also Barahona-Gomez v. Reno, 236 F.3d 1115, 1120 (9th Cir. 2001) ("It is this very decision to either 'abandon the endeavor' or to adjudicate it that Congress wished to preserve from judicial review.").

Castro's claim clearly falls within subsection (g)'s prohibition on judicial review of the Attorney General's decision to commence or adjudicate an immigration case. By challenging the Attorney General's decision to abandon the false representation charge, Castro is asking us to review the Attorney General's prosecutorial decision regarding what charges will or will not be pursued against her. Subsection (g) prohibits us from engaging in precisely this type of review because by raising this issue Castro is

attempting to impose judicial constraints on the Attorney General's discretion to choose which charges will be pursued.[1] The Attorney General's decision to "abandon the endeavor" regarding the false representation charge is beyond our jurisdictional purview.

B.

The petitioners also assert that the IJ erred in denying their request for a continuance of the proceedings pending the outcome of Rincon's labor certification request.[2] Again, we must first address whether we have jurisdiction to review the denial of a request for a continuance. We have previously held that "8 U.S.C. § 1252(a)(2)(B)(ii) bars review of [an] IJ's discretionary decision denying [a] petitioner's motion for a continuance." Yerkovich v. Ashcroft, 381 F.3d 990, 995 (10th Cir. 2004). Our prior ruling in Yerkovich is controlling here. Title 8 U.S.C. § 1252(a)(2)(B)(ii) bars our review of the IJ's decision to deny a continuance.

After we decided Yerkovich, Congress passed the REAL ID Act of 2005. Section 1252 was amended to provide that 8 U.S.C. § 1252(a)(2)(B) shall not "be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." See 8

---

[1] Castro cites to Colmenar v. INS, 210 F.3d 967 (9th Cir. 2000), to support her contention that the withdrawal of charges without a hearing violates due process. As the Attorney General points out, however, that case involved an asylum applicant's right to have his claims heard by an immigration judge, not the right of a removable alien to have a hearing on *withdrawn* claims. See id. at 968-71.

[2] Although the petitioners mention, at various points, other petitions that may justify adjustment of status, the basis for their request for a continuance was the pending application for certification. See A.R. at 67.

U.S.C. § 1252(a)(2)(D). We have interpreted this provision as granting courts jurisdiction to review constitutional claims and "'a narrow category of issues regarding statutory construction.'" Diallo v. Gonzales, 447 F.3d 1274, 1282 (10th Cir. 2006) (quoting Chen v. United States DOJ, 434 F.3d 144, 153 (2d Cir. 2006)). "However, challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." Id. at 1281 (citation omitted). The petitioners do not raise any constitutional claim or question regarding statutory interpretation, relying instead on their argument that it was an abuse of the IJ's discretion to deny their motion. See Pet'r Br. at 26-28.

III.

We DISMISS the petition for review for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge