**UNITED STATES COURT OF APPEALS**

**September 25, 2007**

**FOR THE TENTH CIRCUIT**

CAROLINE J. McCLOSKEY,

       Petitioner,

v.

PETER D. KEISLER, Acting
Attorney General,[*]

       Respondent.

No. 06-9598
(No. A98-584-618)
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

       Petitioner Caroline J. McCloskey, a citizen of Great Britain and Northern

Ireland, challenges a decision by the Bureau of Immigration and Customs

---

[*]      On September 17, 2007, Peter D. Keisler became the Acting Attorney General.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Keisler is substituted for Alberto R. Gonzales as the respondent in this action.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Enforcement (ICE) denying her challenge to the execution of a removal order. Because we lack jurisdiction, we dismiss the petition.

**BACKGROUND**

Ms. McCloskey entered this country in September 2001 under the Visa Waiver Program (VWP). The VWP permits aliens from certain countries to visit the United States for up to ninety days without a visa if they waive any right to contest removal other than through asylum proceedings. *See* 8 U.S.C. § 1187. Ms. McCloskey married a United States citizen and stayed beyond the ninety-day period. After divorcing in 2004, she filed a Form I-360 with the Bureau of Citizenship and Immigration Services (CIS), seeking an immigrant visa as a battered spouse under the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, 119 Stat. 2960 (2006).

In March 2005, ICE detained Ms. McCloskey and issued her a removal order for remaining in the country longer than authorized by the VWP. A month later, CIS approved her I-360 application and notified her that she could apply for either a permanent-resident status adjustment or, if she were outside the United States, a visa. Ms. McCloskey applied for status adjustment, and her attorney, Laura Lichter, wrote ICE on May 9, 2005, requesting that ICE "exercise [its] discretion to withdraw the [removal] order and allow Ms. [McCloskey] to complete the adjustment process." Letter from Lichter to ICE Field-Office Director Douglas Maurer at 1 (May 9, 2005), attached as Ex. C to Respondent's

Opp'n to Mot. for Stay (emphasis omitted). Several weeks later, Director Maurer denied Lichter's request, stating that he would not provide discretionary relief because Ms. McCloskey had waived her right to contest removal except through asylum proceedings, which she had not initiated.

In the meantime, ICE placed Ms. McCloskey on supervised release. When ICE finally directed her on December 13, 2006, to appear for removal from the United States, Lichter wrote Maurer on December 15, complaining of ICE's "plan to execute the removal order against [Ms. McCloskey] on . . . December 20." A.R. at 5. Lichter asserted her belief that Ms. McCloskey would "not [be] the subject of travel arrangements, unless and until the [status-adjustment application] was denied" by CIS. *Id.* at 4. She also asserted that Ms. McCloskey's "overstay and subsequent falling out of status were not of her own making" because her ex-husband had refused to pursue adjustment. *Id.* at 6. Accordingly, Lichter explained that she was "renew[ing] [her] request" from May 9, 2005, *id.* at 4, so that CIS "might have the opportunity to adjudicate [the] application for adjustment of status on the merits," *id.* a 7. Maurer denied the request by letter on December 18, recognizing that Lichter "had previously requested this same action in" May 2005. *Id.* at 2. He concluded that "no further compelling circumstances exist to justify continued deferral of [Ms. McCloskey's] removal." *Id.* at 3.

Ms. McCloskey filed the instant petition for review on December 19, challenging Maurer's December 18 decision. She was removed from the United States after this court denied her motion for a stay.

## DISCUSSION

The Government argues that we lack jurisdiction to review Ms. McCloskey's petition because the essence of her challenge is ICE's refusal to continue deferring her removal. We agree. In what has become known as "'deferred action,'" "the Executive [Branch] has discretion to abandon [an] endeavor" like executing a removal order. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483-84 (1999); *see also Yerkovich v. Ashcroft*, 381 F.3d 990, 991 n.3 (10th Cir. 2004) (describing deferred action as "an informal administrative stay of deportation" (quotation omitted)). "This commendable exercise in administrative discretion, developed without express statutory authorization" and designed "[t]o ameliorate a harsh and unjust outcome," is not judicially reviewable. *American-Arab Anti-Discrimination Comm.*, 525 U.S. at 484 (quotation omitted). Specifically, 8 U.S.C. § 1252(g) operates in the deferred-action context to remove a court's "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders." *See American-Arab Anti-Discrimination Comm.*, 525 U.S. at 482-87.

The characterization of Director Maurer's December 18 decision as a non-reviewable denial of a deferred-action request is borne out by five observations. First, Lichter's December 15 letter was prompted by ICE's plan to promptly execute the removal order. Second, Lichter stated in the December 15 letter that she was renewing her May 2005 request, which sought a discretionary reprieve from removal. Third, Director Maurer apparently construed the December 15 letter as a deferred-action request when he noted that Lichter had previously requested "this same action" in May 2005 and when he refused to "continue[ ] deferr[ing]" Ms. McCloskey's removal. A.R. at 2, 3. Fourth, Ms. McCloskey's opening brief describes the December 15 letter as "a request that ICE exercise its discretionary authority to accord her an opportunity to obtain an adjudication on her application for adjustment of status." Opening Br. at 53. And fifth, Lichter did not claim in the December 15 letter that the removal order was erroneously issued; rather, she asserted that Ms. McCloskey's predicament was not her fault. Section 1252(g)'s jurisdictional limitation reaches claims that "the Attorney General is unfairly executing a removal order." *See Fornalik v. Perryman*, 223 F.3d 523, 532 (7th Cir. 2000). Consequently, we conclude that the December 18 letter denying Ms. McCloskey relief from execution of the removal order is not a reviewable decision.[1]

_____

[1] The fact that the December 15 letter was styled as a "Request to Reopen" A.R. at 4, does not change our assessment that the relief actually sought and

(continued...)

Because we lack jurisdiction, the petition for review is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1](...continued)
ultimately denied was a deferral of removal. We follow a substantive view of jurisdiction, in which we look beyond mere labels or form. *See Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995); *accord Jarbough v. Attorney Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007). Consequently, our decision today is not governed by *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (holding that 8 U.S.C. § 1252(g) does not apply when the decision under review is a refusal to reopen a removal order issued by an Immigration Judge or the Board of Immigration Appeals).