NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 12, 2016[*]
Decided December 12, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1839

| | |
|---|---|
| KAREN HILL,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>GERALD ZORE, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:12-cv-1595-RLY-DML<br><br>Richard L. Young,<br>*Chief Judge.* |

## O R D E R

After unsuccessfully challenging the establishment of a guardianship over her friend Ronald Dawson in state-court probate proceedings, Karen Hill brought this federal civil-rights suit against various state and private actors who, she believes, were responsible for the outcome of the guardianship process. The district court concluded

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

that Hill lacked standing to bring claims on behalf of Dawson and dismissed her other claims on both immunity and jurisdictional grounds. We affirm.

According to her complaint, Hill had been granted power of attorney by Dawson, her friend and neighbor, upon his admission to a VA hospital. But after Dawson was released from the hospital and placed in a nursing home, the nursing home's social service director alerted a hospital social worker of her suspicions that Hill was being deceptive about Dawson's income. This communication set into motion a series of events that culminated in the Marion County Probate Court's revoking Hill's power of attorney based on allegations that Dawson was incapacitated and in danger of being exploited by Hill. Hill moved to dismiss the guardianship proceedings, but the state-court probate judge denied her motion and appointed a permanent guardian ad litem. Dawson died several months later, and the Indiana Court of Appeals dismissed Hill's subsequent appeal as moot.

After her state appeal was dismissed, Hill brought this suit under 42 U.S.C. § 1983 against three groups of defendants: the nursing home and several nursing home employees; the legal and judicial participants involved in the guardianship proceedings; and Dawson's court-appointed guardian ad litem and guardianship managers. Hill asserted numerous claims on Dawson's behalf, as well as her own, including violations of the First, Fourth, Sixth, and Fourteenth Amendments, and various state tort laws.

In a series of orders, the court dismissed all of Hill's claims. First the court dismissed Hill's claims against the State of Indiana and Indiana's Deputy Attorney General on immunity grounds.

Next the court granted a motion for judgment on the pleadings filed by various other state-actor defendants (the state-court probate judge and commissioner, Adult Protective Services and its senior investigator, and the deputy prosecutor) on multiple grounds: that Hill lacked standing to assert a claim on Dawson's behalf; that the district court lacked jurisdiction to review the state-court judgment; that the defendants were entitled to immunity; that Hill failed to state a *Monell* claim because she alleged no municipal policy or custom that violated her rights; and that Hill's claims under the Indiana Tort Claims Act were untimely.

The court then granted a motion for judgment on the pleadings filed by Dawson's appointed guardian ad litem based on three grounds: that Hill lacked

standing; that the guardian was entitled to quasi-judicial immunity for acts taken within the scope of her appointment as guardian ad litem; and that the district court lacked jurisdiction to review actions taken by her that were required by the probate court.

A few days later, the court granted a motion for judgment on the pleadings filed by the financial entity that managed Dawson's guardianship on similar grounds: that Hill lacked standing; that the organization was not a state actor; and that the district court lacked jurisdiction to review actions taken by the defendants required by the probate court.

Finally, the district court entered an order dismissing Hill's claims against the remaining defendants (including the nursing home defendants and other employees of Adult Protective Services) based on many of the same grounds listed in its prior orders: that Hill lacked standing; that the nursing home defendants were not state actors; and that the district court lacked jurisdiction to review the state-court judgment. The order also concluded that it had supplemental jurisdiction over Hill's state-law claim for defamation and dismissed that claim.

Hill's brief on appeal is somewhat sprawling and, significantly, does not challenge the finding that she lacked standing to bring claims on Dawson's behalf. We do, however, understand her to challenge the district court's conclusion that it lacked jurisdiction to review claims that related to state-court rulings. She asserts, for example, that the state-court probate decision deprived her of a personal property interest in her role as power of attorney by revoking and replacing it with a court-appointed guardianship (thereby depriving her of nearly $40,000 from Dawson in compensation for her services).

But the *Rooker-Feldman* doctrine bars federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–416 (1923). The primary source of Hill's injuries is the probate judge's ruling that revoked her power of attorney and upheld the protective order. Hill may not "circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [her] complaint in the form of a federal civil rights action." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir. 2000) (internal quotation marks omitted).

In her reply brief Hill also challenges the district court's conclusion that various defendants were immune as state actors acting within the scope of their official functions. But Hill's arguments address only qualified immunity, not the absolute and quasi-judicial immunity upon which the district court based its rulings. Finally, Hill does not raise—and therefore waives—any challenge to the district court's finding that her state tort claims were untimely. *See United States v. Webster*, 775 F.3d 897, 904 (7th Cir. 2015) (arguments not raised in opening brief are waived).

We have considered Hill's remaining arguments and none has merit. In addition, Hill's pending motion for judicial notice is denied.

AFFIRMED.