# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1115

———————

| | |
|---|---|
| Abdellah Grass, | * |
| | * |
| Petitioner, | * |
| | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| Alberto Gonzales, | * |
| | * |
| Respondent. | * |

———————

Submitted: January 10, 2005
Filed: August 12, 2005

———————

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

———————

LOKEN, Chief Judge.

Abdellah Grass, a citizen of Morocco, entered the United States as a non-immigrant visitor and violated the terms of his authorized stay by working at a restaurant in Cedar Rapids, Iowa. The Immigration and Naturalization Service (before the transfer of its functions to the Department of Homeland Security) initiated removal proceedings for failure to comply with the terms of his non-immigrant status. See 8 U.S.C. § 1227(a)(1)(C)(i). The Immigration Judge (IJ) ordered Grass removed and granted him voluntary departure. The Board of Immigration Appeals (BIA) affirmed with an opinion. Grass then filed this petition for judicial review.

1. Grass first argues that the INS "violated public policy" by initiating removal proceedings after he timely filed an application for a labor certification that would make him eligible for adjustment of status under 8 U.S.C. § 1255(i). This contention is without merit. Under 8 U.S.C. § 1252(g), "this court may hear challenges to immigration decisions but lacks jurisdiction to hear a challenge to the decision to forgo or initiate proceedings against an alien." Jin Zhu S-Cheng v. Ashcroft, 380 F.3d 320, 324 (8th Cir. 2004). We also note that, although Grass received an approved labor certification before his March 2003 removal hearing, he was not eligible for adjustment of status under § 1255(i) because an immigrant visa was not immediately available to him. See 8 U.S.C. § 1255(a)(3).

2. Grass married a United States citizen in mid-2002, after his first scheduled removal hearing. At a subsequent hearing in January 2003, counsel advised the IJ that Grass's spouse had filed a Form I-130 visa petition that was still pending. The INS attorney responded by advising the IJ that Grass's immigration file included a request to the U.S. embassy in Morocco for a visitor visa for Grass's Moroccan wife and three children. Grass's counsel said he had no knowledge of a prior marriage. The IJ continued the hearing until March 2003, warning counsel that Grass must establish a right to employment-based or family-based adjustment of status at that time. At the March 2003 hearing, counsel advised that the Form I-130 application was still pending. The IJ declined Grass's request for a further continuance. The BIA upheld that ruling, noting in the alternative that Grass failed to show prejudice because the record contained no proof (i) that the Form I-130 had been filed, or (ii) that Grass's marriage to a Moroccan woman had been dissolved.

Grass argues that the IJ and the BIA erred because denying a continuance deprived him of an opportunity to present clear and convincing evidence of a bona fide marriage, contrary to the agency's prior decision in In re Velarde-Pacheo, 23 I&N Dec. 253, 257 (BIA 2002). Congress provided in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) that we have no

jurisdiction to review "any decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). Whether to grant a continuance is committed to the IJ's discretion "for good cause shown." 8 C.F.R. § 1003.29. Accordingly, we held in Onyinkwa v. Ashcroft, 376 F.3d 797 (8th Cir. 2004), that § 1252(a)(2)(B)(ii) stripped us of jurisdiction to review the discretionary denial of the continuance Grass sought in this case. However, in § 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 323, Congress again altered the statutory landscape by enacting 8 U.S.C. § 1252(a)(2)(D), which provides that

> nothing in [8 U.S.C. § 1252(a)(2)(B) and (C)] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Because this amendment applies to pending removal cases, see REAL ID Act § 106(b), the issue is whether § 106 legislatively overruled our decision in Onyinkwa.

Section 106 was enacted in response to INS v. St. Cyr, 533 U.S. 289 (2001), which construed IIRIRA's jurisdiction-stripping provisions as permitting habeas review of removal orders under 28 U.S.C. § 2241. To Congress, St. Cyr produced an anomalous result -- criminal aliens, who are otherwise barred from judicial review by § 1252(a)(2)(C), may petition the district courts for habeas relief and thereby "obtain more judicial review than non-criminal aliens," who are limited to review by the courts of appeals. H. Conf. Rep. No. 109-72, at 174 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 298. Section 106 cured this anomaly by permitting all aliens to raise constitutional and legal challenges, but only in the courts of appeals. However, by its plain language, § 1252(a)(2)(D) only grants jurisdiction to review "constitutional claims or questions of law." The House Conference Report clarifies that this limitation was intentional:

Further, while the reforms in section 106 would preclude criminals from obtaining review over non-constitutional, non-legal claims, it would not change the scope of review that criminal aliens currently receive, because habeas review does not cover discretionary determinations or factual issues that do not implicate constitutional due process. See, e.g., *St. Cyr*, 533 U.S. at 306-07 & n.27 (recognizing that habeas courts do not review "exercise[s] of discretion" or "factual determinations that do not implicate due process) . . . .

H. Conf. Rep. No. 109-72, at 175 (2005), reprinted in 2005 U.S.C.C.A.N. at 300.

This case does not involve a petition for court of appeals review by a criminal alien, previously barred by § 1252(a)(2)(C). Rather, Grass seeks court of appeals review of a ruling committed to the Attorney General's discretion, review that was previously barred by § 1252(a)(2)(B)(ii) as construed in Onyinkwa. Certainly, new § 1252(a)(2)(D) has expanded our jurisdiction to include, for example, review of a claim that the agency erred as a matter of law in failing to recognize the Attorney General's statutory authority to grant discretionary relief. See St. Cyr, 533 U.S. at 307-08. But the statute limits our new jurisdiction to "questions of law," and the legislative history declares that "discretionary determinations" continue to be non-reviewable because they have not historically been "covered" by habeas review. Though the distinction between an error of law and an abuse of discretion other than an error of law is well-recognized, the many reported decisions involving judicial review of agency action, whether by a habeas proceeding or by direct judicial review, suggest that it is not an easy line to draw. See, e.g., United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954), which was cited repeatedly in St. Cyr, 533 U.S. at 307-08, but went noticeably unmentioned in the House Conference Report, at 172-76, 2005 U.S.C.C.A.N. at 297-301.

Section 106 of the REAL ID Act reflects a congressional intent to preserve IIRIRA's broad effort to streamline immigration proceedings and to expedite removal while restoring judicial review of constitutional and legal issues. Those purposes are

furthered by holding that § 1252(a)(2)(D) grants no jurisdiction to review an IJ's purely discretionary decision to deny a continuance of a removal hearing, unless that ruling resulted in such procedural unfairness as to implicate due process. Grass argues that the IJ's ruling was contrary to the BIA policy announced in In re Velarde-Pacheo. But that case involved a motion to reopen, not the denial of a continuance, and it is readily distinguishable on the facts. Accardi suggests that the Attorney General's adoption of a policy declaring how his discretion will be exercised, or his failure to follow an existing policy, may in some circumstances raise a question of law reviewable under 8 U.S.C. § 1252(a)(2)(D). But no such issue is presented in this case. Thus, we conclude that we have no jurisdiction to review the IJ's wholly discretionary denial of Grass's request for a continuance of his removal hearing.

Alternatively, even if we did have jurisdiction to review the IJ's continuance denial, there was no abuse of discretion. The IJ granted Grass multiple continuances before giving him two months warning that he must prove his right to adjustment of status at the March 2003 hearing. As the BIA noted, Grass nonetheless came to that hearing with no proof that his wife had filed an I-130 petition and no evidence that his apparent prior marriage was a case of mistaken identity or had been dissolved. Denial of a further continuance was well within the IJ's discretion to avoid unduly protracted proceedings.

3. Finally, Grass argues that we should remand this case to the BIA for reopening on the ground that his wife's Form I-130 petition was approved after the BIA's decision under review. We may not grant relief on this basis because "our judicial review is limited to the administrative record. See 8 U.S.C. § 1252(b)(4)(A)." Lukowski v. I.N.S., 279 F.3d 644, 646 (8th Cir. 2002).

The petition for review is denied.

_____

-5-