**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OLEG LUKAROV,

　　　　　　Petitioner,

v.

ALBERTO R. GONZALES,*

　　　　　　Respondent.

No. 04-9609
(No. A79-168-060)
(Petition for Review)

**ORDER AND JUDGMENT**\*\*

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*　　On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

\*\*　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, Oleg Lukarov, is a native and citizen of Bulgaria. He petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision denying his application for restriction on removal and relief under the Convention Against Torture (CAT). We have jurisdiction to review the agency's decision under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

The Immigration and Naturalization Service (INS)[1] charged petitioner in its notice to appear (NTA) as removable under 8 U.S.C. §§ 1227(a)(1)(B) and (C)(i) for remaining in the country longer than authorized. Petitioner conceded removability as charged in the NTA, both in his change-of-venue petition and at the hearing before the IJ. Admin. R. at 206, 120-21. In his application for asylum and testimony before the IJ, petitioner stated that he actually entered the country without inspection, which are grounds for removal under § 1227(a)(1)(B) and 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner sought restriction on removal under 8 U.S.C. § 1231(b)(3), and relief under the CAT pursuant to 8 C.F.R. §§ 208.16(c), 208.17. He asserted that he was a member of the Roma minority ethnic group in Bulgaria and he testified that he had been mistreated by Bulgarian police because of his ethnicity on many

---

[1] The INS ceased to exist on March 1, 2003, and its functions were transferred to the U.S. Citizenship and Immigration Services within the newly formed Department of Homeland Security.

occasions. He testified that in May 1998, police beat and arrested him because of his ethnicity, and at the police station beat him more and shot him in the leg. He left Bulgaria two months later.

In his decision, the IJ noted that petitioner had actually entered without inspection, rather than overstaying his visa, but found that petitioner had conceded removability, and was removable under § 1227(a)(1)(B), for violation of law. The IJ noted that petitioner was not eligible for asylum because his application was untimely. The IJ denied his application for restriction on removal, ruling that he had not shown a clear probability of persecution. *See Chaib v. Ashcroft*, 397 F.3d 1273, 1277 (10th Cir. 2005) (holding that, to obtain restriction on removal, petitioner must establish a clear probability of persecution if returned to his country, a more demanding standard of proof than necessary for an asylum claim); 8 U.S.C. § 1231(b)(3)(A). Petitioner appealed the IJ's decision to the BIA, which affirmed.

The BIA issued a reasoned determination; therefore, our review is limited to the BIA's decision, not that of the immigration judge. *See Rivera-Jimenez v. INS*, 214 F.3d 1213, 1216 (10th Cir. 2000). We review the BIA's factual findings for substantial evidence in the record. *Id.* The BIA's findings of fact are conclusive unless the record demonstrates that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Our role is

not to re-weigh the evidence or to evaluate witness credibility. *Woldemeskel v. INS*, 257 F.3d 1185, 1189 (10th Cir. 2001).

*Removability Claims.* Petitioner contends the IJ and BIA did not find removability as charged in the NTA, and therefore (1) the IJ and BIA failed to render constitutionally and statutorily sufficient decisions because these decisions fail clearly to identify the grounds for removability; (2) the IJ lacked jurisdiction over him; and (3) he was prejudiced because the record does not establish the date of his entry. These arguments are without merit. When petitioner expressly conceded his removablity as charged in the NTA, and further admitted in his testimony that he had entered without inspection, he waived any objection to the IJ's finding of removability. *See Karim v. Gonzales*, 424 F.3d 109, 112 (1st Cir. 2005) (holding that a concession of removability, like a guilty plea, waives objections to antecedent events). A concession of removability relieves the government's burden of proof and withdraws the issue from controversy, even where petitioner does not admit any facts that would establish removability. *Selimi v. INS*, 312 F.3d 854, 860 (7th Cir. 2002) ("Having formally conceded that he was [removable, petitioner] may not now contend that the INS's proof of [removablity] was insufficient."). Thus, we find no merit to petitioner's assertion that the IJ and BIA erred in finding him removable, lacked jurisdiction to find him removable, or somehow *sua sponte* amended the notice to appear.

We further find the IJ and BIA decisions to be constitutionally and legally sufficient, as we have no difficulty following their reasoning and we are able to provide meaningful appellate review. *See Yuk v. Ashcroft*, 355 F.3d 1222, 1231 (10th Cir. 2004) ("'[a]ll that is required for our meaningful review is that the agency - as represented by an opinion of the BIA or IJ - put forth a sufficiently reasoned opinion.'" quoting *Dia v. Ashcroft*, 353 F.3d 228, 243 (3d Cir. 2003)). Moreover, neither the IJ nor the BIA entered a summary decision, as petitioner contends, and 8 C.F.R. § 1240(b) has no applicability to this case. Finally, because it is undisputed that petitioner is removable, we find no error in the BIA's finding that he failed to demonstrate any prejudice because of the claimed deficiency in the NTA. *See Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1165 (10th Cir. 2004) (holding petitioner must show prejudice to prevail on his constitutional challenge); *Latu v. Ashcroft*, 375 F.3d 1012, 1019-20 (10th Cir. 2004) (finding no prejudice in defective NTA, and no due process violation, where the defects were corrected and petitioner had full opportunity to meet the charges therein).

*Due Process Claims*. Next, petitioner contends he was denied his constitutional right to a full and fair removal hearing. Petitioners in removal hearings are entitled to a "full and fair hearing that comports with due process." *Kapcia v. INS*, 944 F.2d 702, 705 (10th Cir. 1991) (quotation omitted). To

establish a due process violation, an alien must show that an error resulted in prejudice "implicat[ing] the fundamental fairness of the proceeding." *Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990). We have already rejected petitioner's first due process argument, that he was denied a fair hearing because the IJ *sua sponte* amended his NTA. As noted, petitioner did not demonstrate any prejudice with respect to any defects in the NTA or the IJ's finding of removabilty. *See Latu*, 375 F.3d at 1019-20.

Petitioner's second due process claim is that the IJ's denial of his motion for a continuance rendered his removal hearing fundamentally unfair. The IJ noted that petitioner failed to provide any evidence of his claimed Roma ethnicity, by means of a birth certificate, identification card, or a passport. Petitioner sought a continuance in order to obtain an internal Bulgarian passport, but the IJ denied the motion, ruling that petitioner had eight or nine months prior to the hearing in which to have obtained the necessary documentation.

We have held that we lack jurisdiction to review an IJ's denial of a motion for continuance because that is a form of discretionary relief for which judicial review is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii). *Yerkovich v. Ashcroft*, 381 F.3d 990, 994-95 (10th Cir. 2004). In the recently enacted REAL ID Act of 2005, applicable to this petition for review, Congress amended § 1252(a)(2) to permit judicial review of constitutional claims and questions. 8 U.S.C.

§ 1252(a)(2)(D). *Perales-Cumpean v. Gonzales*, __ F.3d __, 2005 WL 3150160, at *3, n.4 (10th Cir. Nov. 25, 2005). Although we do have jurisdiction to review petitioner's constitutional claim that the denial of his continuance motion violated due process, the REAL ID Act does not give us jurisdiction to review the IJ's discretionary decision to deny the continuance motion. *See Perales-Cumpean*, 2005 WL 3150160, at *3, n.4; *see also Grass v. Gonzales*, 418 F.3d 876, 879 (8th Cir. 2005) (holding that REAL ID Act does not grant jurisdiction "to review an IJ's purely discretionary decision to deny a continuance of a removal hearing, unless that ruling resulted in such procedural unfairness as to implicate due process").

We find no constitutional violation. Petitioner had ample time to obtain and present any evidence of his identity, and he did not establish good cause for a continuance. He has not shown that the IJ's decision was procedurally unfair or so arbitrary as to violate due process. *See Grass*, 418 F.3d at 879.

*Burden of Proof.* In denying petitioner's application for restriction on removal, the BIA noted there was only one claimed incident of ethnic harassment, in which petitioner alleged he had been beaten, arrested, and shot at a police station, but that petitioner had not produced documentation or medical records to corroborate his claims, nor had he demonstrated that it was impractical to provide such documentation. The BIA further found that petitioner had not met his

evidentiary burden of providing some evidence of his claimed ethnic Roma identity. The BIA noted the IJ's statement that petitioner appeared to be a credible witness, but concluded this was not a finding that the IJ accepted the full truth of petitioner's testimony, just a statement that there was no basis to affirmatively find that petitioner was lying. The BIA found, as had the IJ, that petitioner had not met his burden of establishing a clear probability of persecution, necessary to obtain a restriction on removal. *See Chaib*, 397 F.3d at 1277.

Petitioner contends the BIA erroneously found that he failed to meet his burden of proof. He argues the BIA was obligated to deem his testimony as true, because of the IJ's favorable credibility determination, and that the BIA erred in requiring corroborating evidence of his identity and his medical treatment for the police beating and gunshot wound.

Although "[t]he testimony of [an] applicant [for restriction on removal], if credible, *may* be sufficient to satisfy the burden of proof without corroboration," 8 C.F.R. § 208.16(b) (emphasis added), such a finding is not mandatory, *see id.* Even when an applicant is found to be credible, the BIA may require applicants to supply corroborating evidence in order to meet their burden of proof. *Kayembe v. Ashcroft*, 334 F.3d 231, 238 (3d Cir. 2003). "'[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an

applicant's claim, such evidence should be provided." *El-Sheikh v. Ashcroft*,

388 F.3d 643, 646 (8th Cir. 2004) (quoting *In re S-M-J*, 21 I. & N. Dec. 722, 724,

(BIA 1997) (en banc)).

> "That is, an asylum applicant should provide documentary support for material facts which are central to his or her claim and easily subject to verification, such as evidence of his or her place of birth,. . . or documentation of medical treatment. . . . The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof."

*Id*. (quoting *In re S-M-J*); *see also Dorosh v. Ashcroft*, 398 F.3d 379, 382

(6th Cir. 2004) (same); *Guan Shan Liao v. U.S. Dept. of Justice*, 293 F.3d 61, 71

(2d Cir. 2002) (same); *but see Ladha v. INS*, 215 F.3d 889, 899 (9th Cir. 2000)

(holding that corroborative evidence not required of credible applicants).

We conclude that it was reasonable for the BIA to expect petitioner to

provide some sort of corroborating evidence for his claim that he was a member

of the Roma ethnic minority. As the BIA explained, in addition to his inability to

produce any identification, petitioner was also unable to speak the Roma language

and did not have a Roma surname. Further, he was unable to provide any

corroborating evidence for his claim that he received medical treatment for a

gunshot wound following a police arrest, such as a police, hospital or medical

report, or even an affidavit from a family member, even though petitioner did not

leave Bulgaria for several months after this incident.

There is substantial evidence supporting the BIA's conclusion that petitioner failed to establish a clear probability of persecution in Bulgaria on the basis of race. Further, petitioner has not demonstrated a likelihood that he would be tortured if removed to Bulgaria, which must be shown to establish entitlement to protection under the CAT. *See* 8 C.F.R. § 208.16(c)(2).

The petition for review is DENIED.

Entered for the Court

Michael W. McConnell
Circuit Judge