UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided May 3, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1338

| | |
|---|---|
| MIR A. ALI,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A74-311-935 |
| ALBERTO R. GONZALES,<br>    *Respondent*. | |

**O R D E R**

Mir Ali appeared before an immigration judge ("IJ") to address the charge of being removable as an alien who attempted to obtain a visa though marriage fraud. He requested a continuance (the eighth time he had done so), stating that his wife was unable to attend the hearing to testify on his behalf. The IJ denied Ali's request and subsequently found him removable; the Board of Immigration Appeals ("BIA") affirmed. Ali now petitions this court to review the IJ's denial of his request for the continuance, but because his claim is moot we dismiss the petition.

**I. Background**

Ali, a native and citizen of India, entered the United States in 1995. Shortly thereafter he married Jaton Nance, a United States citizen. Nance filed an immediate relative visa petition (an I-130) on Ali's behalf, which was denied. Nance

then appealed this denial to the BIA, and while her appeal was pending, the Immigration and Naturalization Service ("INS") commenced removal proceedings against Ali, charging him with being removable for, among other reasons, attempting to obtain a visa through marriage fraud, 8 U.S.C. § 1182(a)(6)(C)(i).

Although Ali first appeared before an IJ in April 1999 to address this charge, a merits hearing would not be held for five years because of his multiple requests for continuances. From April 1999 through December 2002, Ali requested and received five continuances. Then, in December 2002 Ali informed the IJ that the BIA had affirmed the denial of his wife's I-130 petition, and that recently he had been indicted for food-stamp fraud. Because Ali stated that he would seek voluntary departure, he requested and received a sixth continuance to allow the food-stamp fraud prosecution to "play out" because of its effect on his eligibility for voluntary departure.

The IJ finally held a merits hearing in March 2004 after denying Ali's seventh request for a continuance. Ali alone testified that he and Nance had a bona fide marriage. He added, however, that Nance was unable to testify that day because she was in a hospital, having fallen ill with "sickle-cell cancer." In response, the government introduced a report compiled during its investigation of Ali's I-130 petition showing that Ali paid Nance to marry him and petition the INS to adjust his immigration status.

At the close of the hearing, Ali requested yet another continuance—his eighth request—to enable him to obtain an affidavit from Nance, purportedly to corroborate his claim that the marriage was legitimate. The IJ denied Ali's request, noting the numerous continuances he had granted over the previous five years and stating that Ali provided no evidence substantiating that Nance suffered from an illness. He then rendered his decision, denying Ali's request for voluntary departure and ordering him removed from the United States. In reaching this decision, the IJ relied on the government's investigative report presenting extensive evidence which showed that Ali's and Nance's marriage was a sham, and that Ali actually had another "common-law wife" with whom he fathered two children. Ali appealed to the BIA, which affirmed both the IJ's denial of Ali's motion for a continuance and request for voluntary departure.

## II. Discussion

In his petition for review, Ali argues that the IJ's denial of a continuance deprived him of the opportunity to present evidence from Nance corroborating that they had a legitimate marriage. However, we lack jurisdiction to review this argument on grounds of both mootness and the jurisdictional bar outlined in 8 U.S.C. § 1252(a)(2)(B). Although neither party addressed these issues in their

briefs, we always have the authority to examine sua sponte issues of jurisdiction, *see Wernsing v. Thompson*, 423 F.3d 732, 746 (7th Cir. 2005), including mootness, *see Worldwide St. Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004).

## A. Mootness

Ali's challenge to the IJ's denial of his motion for continuance is rendered moot by the dismissal of Nance's I-130 petition. Notwithstanding any statutory grant of jurisdiction, our authority for appellate review is limited to live cases or controversies, and under Article III "'federal courts do not have jurisdiction to review moot cases.'" *Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006) (quoting *Buckley v. Archer-Daniels-Midland Co.*, 111 F.3d 524, 526 (7th Cir. 1997)). The case or controversy must exist at all stages of review, including appeal. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). We recently held in *Qureshi v. Gonzales*, 442 F.3d 985 (7th Cir. 2006), that the portion of an alien's petition challenging the denial of his motion for continuance of removal proceedings pending the adjudication of his wife's I-130 petition was rendered moot by the agency's dismissal of his wife's petition. We reasoned that "[e]ven if [petitioner] were to prevail on his challenge to the continuance denial, the relief requested, within our power to grant, is a remand to the IJ pending adjudication of the I-130 petition." *Id.* at 988. But because the petition was denied, "[a] remand now would effectuate no change in the case; [petitioner's] basis for a continuance no longer exists and the IJ, proceeding with his earlier analysis, would simply order [petitioner] removed from the United States." *Id.*

As in *Qureshi*, the relief that Ali requests—a remand of his case "for further proceedings"—is ineffectual. Ali does not appeal the IJ's denial of voluntary departure, so the completion of his food-stamp fraud prosecution no longer bears upon the issue of relief. Ali's counsel admitted as much when he stated at oral argument that the case "is moot in the sense of continuing further in court for seeking any relief." We have no "power to decide questions that cannot affect the rights of litigants in the case before them." *Id.* (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Because we are unable to grant relief affecting Ali's legal rights, his claim is no longer a live case or controversy, *id.*, and we accordingly dismiss his petition as moot.

## B. Jurisdictional Bar Under 8 U.S.C. § 1252(a)(2)(B)

Alternatively, 8 U.S.C. § 1252(a)(2)(B) strips us of jurisdiction to review Ali's request for a continuance. We, along with our sister circuits, have held on a number of occasions that 8 U.S.C. § 1252(a)(2)(B) deprives us of jurisdiction to

review an IJ's discretionary ruling, *see* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) ("Notwithstanding [the REAL ID] Act . . . discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review."); *see also Ramadan v. Gonzales*, 427 F.3d 1218, 1222 & n.6 (9th Cir. 2005), such as a decision to deny a continuance, *Benslimane v. Gonzales*, 430 F.3d 828, 832 (7th Cir. 2005); *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004); *see also Saloum v. United States Citizenship & Immigration Servs.*, 437 F.3d 238, 242 (2d Cir. 2006); *Grass v. Gonzales*, 418 F.3d 876, 879 (8th Cir. 2005); *Yerkovich v. Ashcroft*, 381 F.3d 990, 995 (10th Cir. 2004).

We have, however, carved out a very limited exception to the jurisdictional bar. In *Subhan v. Ashcroft* and *Benslimane v. Gonzales*, this court held that the denial of a discretionary continuance is reviewable when the decision has the effect of a substantive ruling on the alien's potentially meritorious application to adjust his status. *Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d at 595-96. The IJs in those cases denied the petitioners' motions for continuance on the basis that the agency—by no fault of the petitioners—had not yet acted on their petitions for adjustment. *Benslimane*, 430 F.3d at 830-31; *Subhan*, 383 F.3d at 593-94. Because the petitions were pending when the IJs ordered the petitioners removed, we determined that the IJs' denials of continuance effectively constituted substantive rulings on the merits of the petitions. *Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d at 595-96.

However, the exception in *Subhan* and *Benslimane* does not apply to this case. Here the IJ's denial of a continuance had no bearing on Ali's I-130 petition because that petition was denied *before* the IJ found Ali removable; in contrast, in both *Subhan* and *Benslimane*, the petitioners' I-130 petitions were still pending when the IJs rejected their requests for continuances. *See Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d at 595-96. The IJ's denial of Ali's request for a continuance thus did not have the effect of a substantive ruling on Ali's I-130 petition, and we accordingly lack jurisdiction to review that denial.

Because we lack jurisdiction over Ali's appeal, we DISMISS his petition for review.