**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0595n.06
Filed: August 18, 2006

**No. 05-3643**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ARACELY HERNANDEZ, | ) | |
| | ) | On Petition for Review from the |
| Petitioner, | ) | Board of Immigration Appeals |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO R. GONZALEZ, | ) | **OPINION** |
| Attorney General of the United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: BATCHELDER and McKEAGUE, Circuit Judges; and ACKERMAN, District Judge.[*]

**HAROLD A. ACKERMAN, Senior District Judge.**

Petitioner Aracely Hernandez seeks review of an Order of the Board of Immigration

Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of Petitioner's

application for adjustment of status and order of removal. We find no reason to disturb the

judgment of the IJ and the BIA, and we therefore **DENY** the petition for review.

**I.  Background**

Petitioner is a Mexican citizen who unlawfully entered the United States sometime prior

_____

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the District of
New Jersey, sitting by designation.

1

to February 2000. In December 1999, she married a United States citizen, Reynoldo Hernandez, in Michigan. She allegedly has had two children in the United States with her husband, although the only child named in any of her immigration applications was born in Mexico in 1992. Her husband filed a visa petition on her behalf in July 2000, and Petitioner applied for lawful permanent residence (adjustment of status) in August 2001. However, she failed to appear for her interview on that application, and the application was denied on September 7, 2002. She claimed that she did not attend her interview because her husband was incarcerated and therefore could not appear with her.

Also on September 7, 2002, the Immigration and Naturalization Service ("INS") issued Petitioner a Notice to Appear in removal proceedings. The INS alleged that she was in the United States illegally and was removable pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(I). Prior to her hearing before the IJ, Petitioner was convicted of misdemeanor larceny in Dearborn, Michigan, and sentenced to two years probation.

At her first hearing before the IJ in Detroit on November 6, 2003, Petitioner, through counsel, admitted that she is not a citizen and was present in the United States illegally, although she claimed to have entered the United States earlier than alleged by INS. Petitioner sought to refile her application for adjustment of status. However, her husband failed to appear at the hearing. Petitioner's counsel claimed at the hearing that Mr. Hernandez did not appear because he was "on a landscaping job in Illinois" (A.R. 49), but counsel later admitted that Mr. Hernandez was incarcerated at the time (A.R. 58). In place of her husband, Petitioner's mother-in-law attended the hearing. The IJ continued the matter to January 16, 2004, to allow Petitioner to reapply for adjustment of status and present all required evidence. The IJ advised Petitioner

2

that her husband would need to appear with her on January 16, along with any joint sponsor.

At the January 16, 2004 hearing, Petitioner again appeared only with her mother-in-law and not with her husband, who was still incarcerated. Petitioner sought another continuance to allow time for Mr. Hernandez to be released from prison and to assist in completing the forms. Counsel claimed that only Petitioner's husband had the requisite tax forms and that he needed to be released to sign the sponsor affidavit. Counsel did not seek this extension prior to the hearing allegedly because counsel did not learn of Mr. Hernandez's continued incarceration until the day before the hearing. The Government opposed the continuance, questioning its timeliness and usefulness.

At this hearing and in her opinion, the IJ found that Hernandez's application suffered from serious deficiencies: she did not submit a copy of an approved visa, the sponsor's affidavit was incomplete and unsigned, no tax documents were submitted, the application failed to indicate Petitioner's household income, no medical reports were submitted, and Petitioner's American-born children were not included in any of the application papers. Counsel asserted that Petitioner's mother-in-law was to serve as an additional sponsor, but the mother-in-law did not complete a sponsor's affidavit. Petitioner informed the IJ that she had a job in Detroit, but provided no supporting documentation. Counsel stated that Petitioner had received Medicaid assistance for her child's birth but was not currently receiving state funding for her infant child.

In her order issued on January 16, 2004, the IJ denied Petitioner's application for adjustment of status, ordered that Petitioner be granted voluntary departure to Mexico in lieu of removal, and ordered removal if Petitioner failed to comply with terms of voluntary departure. The IJ found, based on Petitioner's admissions, that clear and convincing record evidence

3

demonstrated that Petitioner was removable as charged pursuant to 8 U.S.C. § 1182(a)(6)(A)(I). The IJ further found that Petitioner failed to satisfy her burden to show that she was not inadmissible based on her likelihood of becoming a public charge pursuant to 8 U.S.C. § 1182(a)(4), and failed to meet the requirements for eligibility for relief under 8 U.S.C. § 1255. The IJ noted the incompleteness of Petitioner's application and related affidavits, and the near lack of any supporting evidence. The IJ also denied Petitioner's request for an extension.

In a per curiam order without opinion issued on April 26, 2005, the BIA affirmed the IJ's decision. Petitioner timely filed a petition for review with this Court. The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) to review the order of the IJ. This Court has jurisdiction to review Petitioner's timely appeal of the BIA's final administrative order under the INA, 8 U.S.C. § 1252(b)(2), (d).

### III. Analysis

### A.      Standard of Review

Because the BIA affirmed the IJ's determinations without opinion, the IJ's decision is the final agency decision on review. 8 C.F.R. § 1003.1(e)(4)(B)(ii); *see also Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005). This Court reviews the IJ's findings of fact under a "substantial evidence" standard, *Vasha v. Gonzalez*, 410 F.3d 863, 869 (6th Cir. 2005), and must consider the IJ's findings of fact to be "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). The IJ's decision "that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C).

4

"We review the denial of a continuance for an abuse of discretion in light of the fact that a grant of a continuance is within the discretion of the IJ." *Abu-Khaliel v. Gonzalez*, 436 F.3d 627, 634 (6th Cir. 2006) (citing 8 C.F.R. § 1003.29). This Court may only find an abuse of discretion if the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.*[1]

### B. The IJ Did Not Err in Determining that Petitioner Was Likely to Become a Public Charge

The INA provides an IJ, exercising the discretion granted to the Attorney General, several grounds upon which to find an alien inadmissible, including if the alien is likely at any time to become a public charge. 8 U.S.C. § 1182(a)(4)(A). In considering when an alien is likely to become a public charge, the IJ must take into account the alien's age, health, family status, assets, resources, financial status, education, skills, and the affidavits of support of her sponsors. 8 U.S.C. § 1182(a)(4)(B)(I) & (C)(ii). Where an alien seeks admission based on family sponsorship, as Petitioner does here, the alien must obtain either a certification of status as a spouse, child of a citizen, or former spouse battered by a citizen spouse; or have a sponsor that has executed an affidavit of sponsorship and support. 8 U.S.C. § 1182(a)(4)(C). In a removal proceeding, the alien bears the burden of proving that she is not inadmissible under § 1182. 8 U.S.C. § 1229a(c)(2)(A).

Petitioner argues that the IJ erred in finding that she was inadmissible based on her

---

[1] In her brief, Petitioner devotes several pages to discussing the requirements for "suspension of deportation" under former 8 U.S.C. § 1254(a)(1) (repealed). However, this discussion is irrelevant, as 8 U.S.C. §§ 1255 and 1252 provide the eligibility requirements and review standards in this matter. (Govt. Br. 12 n.6.)

likelihood to become a public charge. She contends that her mother-in-law attended the hearing and was prepared to submit an affidavit of support but the IJ did not give her the opportunity to do so. She also argues that the IJ wrongly relied on Petitioner's receipt of public funds to pay her hospital bills for giving birth to her infant child. Petitioner claims that receipt of public funds by a family member is insufficient evidence of likelihood of becoming a public charge unless that public funding "is the sole means of support for the family." (Pet.'s Br. 11.)

Petitioner did not meet her burden of proof before the IJ. She failed to submit any completed or signed affidavit of support as required by 8 U.S.C. § 1183a(f)(6). While an affidavit of support allegedly had been given to her mother-in-law to complete, the mother-in-law had not completed it at the time of the hearing despite notice of its necessity well in advance. Regarding affirmative evidence of a likelihood of becoming a public charge, Petitioner was on probation for her misdemeanor offense, had a husband in jail, and although she alleged that she had recently begun employment, she presented no evidence of that job or her household income.

Petitioner argues, based solely on non-binding INS field guidance regarding public charge inadmissibility, 64 Fed. Reg. 28689-01 (May 26, 1999), that the IJ should not have considered the Medicaid support Petitioner received for the delivery of her child because the child, not Petitioner, received the funding and because that support was not Petitioner's sole means of supporting her family. However, the aid Petitioner received apparently paid her own hospital bills for her delivery. More importantly, Petitioner's prior public assistance did not form the only basis for the IJ's determination. Petitioner bore the burden to show that she would not become a public charge, but she presented no evidence regarding her earnings or her household's earnings. The IJ concluded that "[t]here is sufficient indicia, and in the absence of

6

countervailing evidence, to find that the respondent has failed to establish that she will not become a public charge."  (A.R. 41.)

Petitioner cannot show that the IJ's decision was manifestly contrary to law or that no reasonable adjudicator would be compelled to conclude to the contrary.  The IJ did not err in finding Petitioner inadmissible under 8 U.S.C. § 1182(a)(4)(A).

### C.     The IJ Did Not Abuse Her Discretion in Denying Petitioner's Request for a Continuance

Petitioner, through counsel, asked that the IJ continue her removal proceeding until after her husband's release from prison so that her husband could assist Petitioner in preparing her application and could appear before the IJ.  The IJ denied the request, stating that Petitioner knew in advance that she needed the sponsorship forms and tax records for her January 2004 hearing but made no effort to complete the paperwork or request the returns from the Internal Revenue Service.  The IJ further found that Petitioner had "not filed an appropriate motion for continuance 14 days prior to hearing as required by local operating procedures," and did not "submit[] evidence of any equities which would require this court to continue this matter."  (A.R. 42.) Petitioner argues that the IJ should not have held her husband's failure to appear against her, as she had no control over her husband's incarceration status, and that the IJ should have granted a continuance pursuant to 8 C.F.R. § 1003.29 for "good cause shown."

Substantial evidence in the record supports the IJ's decision, and the IJ advanced several rational explanations in conformity with the law in denying the continuance.  The IJ had already granted Petitioner one continuance to allow her to appear with her husband and submit completed paperwork and other evidence.  Petitioner had previously applied for adjustment of

7

status but failed to appear herself for an interview. As the IJ held, Petitioner also violated the Local Operating Procedures of the Immigration Court in Detroit. Those local rules require that any motion for continuance be submitted in writing no fewer than 14 days prior to the scheduled hearing. (A.R. 16.) The rule allows consideration of a motion submitted fewer than 14 days before the hearing, but only in the discretion of the IJ and only "if the moving party is able to demonstrate the existence of emergency or unusual circumstances." (*Id.*) The IJ rationally found that Petitioner made no such demonstration, and that Petitioner should have requested a continuance within the permissible time as she should have known that her husband would be unavailable by the hearing date. Petitioner also easily could have provided much of the information she claims she could have procured only from her incarcerated husband, and his incarceration did not prevent her seeking his completion of the affidavit of support.

This Court may only disturb the IJ's exercise of discretion in denying a continuance if the IJ made her decision "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Abu-Khaliel*, 436 F.3d at 634. The IJ here provided rational explanations and followed established policies in the Immigration Court. Petitioner had ample opportunity to submit completed forms and produce required evidence. She failed to do so, and the IJ thus reasonably exercised her discretion to "avoid unduly protracted proceedings." *Grass v. Gonzalez*, 418 F.3d 876, 879 (8th Cir. 2005).

## IV. Conclusion

For the foregoing reasons, this Court **DENIES** the petition for review.