

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2007

# Donastrong-Martinez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Donastrong-Martinez v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4503
_____

VIVIAN DONASTRONG-MARTINEZ,
Petitioner,

vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
U.S. Department of Justice
(BIA No. A 91-072-163)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 28, 2006
_____

Before: FUENTES and GARTH, Circuit Judges, and POLLAK, District Judge[1]


(Opinion Filed: January 12 , 2007)
_____

OPINION
_____

[1]The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

POLLAK, District Judge:

Petitioner Vivian Donastrong-Martinez (also known as Vivian Donastorg) petitions this Court for review of a decision of the Board of Immigration Appeals (BIA) that adopted and affirmed the decision of an Immigration Judge (IJ) denying his application for a waiver under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). For the reasons set forth herein, we dismiss the petition for review.

I.

Petitioner is a native and citizen of the Dominican Republic. He first entered the United States on or about July 4, 1985, without being inspected by an immigration officer. On March 2, 1989, he was granted temporary residence as a special agricultural worker, and on December 1, 1990, he was granted permanent residence as a special agricultural worker.

On April 2, 1992, petitioner was convicted in the Court of Common Pleas in York County, Pennsylvania of possession of cocaine with intent to deliver in violation of Pennsylvania law. On March 31, 1995, the Immigration and Naturalization Service (INS)[2] issued an Order to Show Cause and Notice of Hearing, charging that Donastrong-Martinez was removable pursuant to two sections of the Immigration and Nationality Act

---

[2] As of March 1, 2003, the Immigration and Naturalization Service was absorbed by the Department of Homeland Security and became known as the Bureau of Immigration and Customs Enforcement. *See* Homeland Security Act of 2002, Pub. L. No. 109-396, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)).

(INA). First, INS charged that Donastrong-Martinez was removable under section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (repealed 1996) as an alien convicted of a violation of any law relating to a controlled substance. Next, the INS contended that Donastrong-Martinez was removable as an alien "convicted of an aggravated felony" under section 241(a)(2)(A)(iii) of the INA, codified at 8 U.S.C. § 1251(a)(2)(A)(iii) (1995) but now redesignated as INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

At a hearing before the Immigration Judge on March 21, 1996, petitioner admitted the allegations in the Order to Show Cause, and the IJ concluded that petitioner was properly removable under the INA as an alien convicted of a drug-related offense and an aggravated felony. The IJ informed Donastrong-Martinez that he was potentially eligible to apply for a waiver of deportability pursuant to section 212(c) of the INA, codified at 8 U.S.C. § 1182(c) (1994) (repealed effective April 1, 1997) and scheduled a hearing on the issue of such relief. A.R. 577–80.

The hearing took place on January 27, 1997, and the IJ denied Donastrong-Martinez's application for § 212(c) relief, directing that the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) rendered him ineligible for relief because he had been convicted of a drug-related crime and an

aggravated felony.[3]  The IJ thus ordered that Donastrong-Martinez be removed to the Dominican Republic.

Petitioner appealed the IJ's decision to the BIA on February 26, 1997, and the BIA dismissed the appeal on September 8, 1998, finding that AEDPA rendered Donastrong-Martinez statutorily ineligible for relief.  The Board noted that "[i]f the respondent conceded deportability prior to the enactment of AEDPA on April 24, 1996, in reliance on the availability of section 212(c) relief, the proceedings may be reopened for the limited purpose of contesting deportability" under *Matter of Soriano*, 21 I. & N. Dec. 516 (BIA 1996).  A.R. 554.

On July 18, 2001, Donastrong-Martinez filed a motion to reopen, arguing that he was eligible for a *Soriano* reopening because he had filed his petition for § 212(c) relief prior to April 24, 1996.  The INS did not oppose the motion to reopen.  A.R. 530.  The BIA granted the motion on August 16, 2001, remanding the case to the Immigration Judge so that Donastrong-Martinez could "attempt to meet his burden of proving that he is deserving of a favorable exercise of discretion on his application for 212(c) relief." A.R. 529.

---

[3] Section 440(d) of AEDPA, codified at 8 U.S.C. § 1182, restricted the eligibility of some classes of aliens for discretionary relief under § 212(c), barring relief to aliens removable by reason of having committed drug-related crimes and aggravated felonies; however, AEDPA lacked express guidance as to whether its provisions applied to criminal conduct undertaken prior to the statute's enactment.  In *Matter of Soriano*, 21 I. & N. Dec. 516 (BIA 1996)*,* the BIA held that AEDPA's bar applies only to applications for relief from removal filed after AEDPA's effective date of April 24, 1996.

II.

The Immigration Judge conducted a series of hearings on the issue of discretionary relief under § 212(c).[4] He noted that "[r]elief under section 212(c) . . . is not available to all who are able to demonstrate statutory eligibility but requires that the Immigration Court balance the factors evidencing the respondent's undesirability as a permanent resident of the United States with the social and humane considerations presented on his behalf" to determine whether or not an exercise of discretion in the alien's favor is in the best interests of this country. J.A. at 7; *see also Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978). Moreover, the IJ observed that "as negative factors grow more serious, it becomes incumbent upon the respondent to introduce additional offsetting favorable factors, which in some cases may have to involve unusual or outstanding equities."[5] J.A.

---

[4] The hearings were held on October 9, 2002, January 6, 2004, April 27, 2004, and May 19, 2004.

[5] As the IJ stated:
The favorable factors that the Board of Immigration has articulated in *Matter of Marin* include family ties within the United States, residence of long duration in this country, particularly when the inception of the residence occurs while the respondent was of a young age, evidence of hardship to the respondent and his family if deportation occurs, service in the armed forces, history of employment, the existence of family ties, evidence of valued service to the community, proof of genuine rehabilitation if criminal records exists, and other evidence attesting to the respondent's good character among family[,] friends[,] and community.
    Adverse factors set forth in *Marin* include the nature and underlying circumstances of the deportation charge at issue as well as the seriousness of the respondent's total criminal record in the United States and the presence of any other evidence of the respondent's bad character and undesirability as a permanent resident in the United States.
J.A. at 8–9.

at 8; *see also Marin* at 585. On May 19, 2004, Immigration Judge Donald V. Ferlise issued an oral decision denying § 212(c) relief, concluding that the balance of factors did not warrant an exercise of discretion in Donastrong-Martinez's favor. He observed that Donastrong-Martinez's conviction was for possession of cocaine with intent to distribute, which is a particularly serious crime. *See Matter of Buscemi*, 19 I. & N. Dec. 628 (BIA 1998). Therefore, "the respondent must prove unusual or outstanding equities in order to be successful in his application." J.A. at 8.

In conducting the balancing test, the IJ considered that Donastrong-Martinez has family in this country, including a wife and her three children, an ex-wife, and two daughters with his ex-wife. The IJ further observed that Donastrong-Martinez sees his two biological children twice a month at their aunt's house in New York, and that he sends $300–350/month for their support. While these facts weigh in favor of granting § 212(c) relief, the IJ nevertheless concluded that petitioner failed to show any unusual or outstanding hardship that would be suffered by the family if he were removed from the country.

With regard to genuine rehabilitation, the IJ noted that Donastrong-Martinez had illegally claimed two girls as his daughters on his tax returns, and that he had lied to the court on numerous occasions, including telling the IJ that he had paid $5000 of the $25,000 fine resulting from his drug charges, when he had actually paid less than $500 of the fine. J.A. at 11. Moreover, at the time of the hearing, he was facing cruelty-to-animal

charges.[6] The IJ opined that these facts evidenced "a lack of good moral character, a lack of rehabilitation" demonstrating that "the presence of the respondent in the United States is not a benefit to this country." J.A. at 13. Accordingly, the IJ concluded that, on balance, respondent had not met his burden for § 212(c) relief; moreover, "had the respondent met his burden, the Court would deny him that relief as a matter of discretion." *Id.*

### III.

Petitioner presents two arguments on appeal. First, he contends that the IJ erred in conducting the balancing test by not "adequately address[ing] the favorable factors which are necessary to be considered eligible for relief." Pet. Br. at 8. Next, he contends that the IJ erroneously applied an "outstanding and unusual equities" test as the threshold standard, rather than a "totality of the evidence" balancing test. *Id.* at 10. One contention attacks the factual findings made by the IJ, the other criticizes the way in which the IJ engaged in the balancing of factors, and both are outside the scope of this court's jurisdiction in considering a petition for review.

Before the statute was repealed in 1996, an IJ's decision to grant or deny § 212(c) relief was a discretionary decision within the domain of the Executive Branch. *See* 8

---

[6] The IJ noted that he "has no way of knowing what the outcome of this charge will be, the outcome of this arrest. However, the Court can consider this when entertaining whether or not [he] should exercise [his] discretion in this matter." J.A. at 12. Donastrong-Martinez was ultimately convicted of cruelty to animals and was placed on probation.

U.S.C. § 1182(c) (repealed 1996) (aliens "may be admitted in the discretion of the

Attorney General"). When considering the limited availability of § 212(c) post-1996 in

the context of a *Soriano* reopening, we accord the same deference to the IJ, and 8 U.S.C.

§ 1252(a)(2)(B)(ii) bars judicial review of "any decision or action of the Attorney

General . . . the authority for which is specified under this subchapter to be in the

discretion of the Attorney General." The federal courts retain limited jurisdiction to

consider "constitutional claims or questions of law," as described in 8 U.S.C. §

1252(a)(2)(D); however, it is well established that "absent a specific issue of statutory

construction, the term 'questions of law' in 8 U.S.C. § 1252(a)(2)(D) does not provide our

Court with jurisdiction to review a petitioner's challenge to a decision firmly committed

by statute to the discretion of the Attorney General." *Bugayong v. INS*, 442 F.3d 67, 72

(2d Cir. 2006); *see also Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006)

("[W]e join our sister courts in concluding that despite the changes of the REAL ID Act,

factual or discretionary determinations continue to fall outside the jurisdiction of the

courts of appeals entertaining a petition for review.").[7]

The manner in which an immigration judge considers both favorable and adverse

_____

[7] The Third Circuit's decision accords with every Circuit to have considered the issue. *See, e.g., Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005); *Grass v. Gonzales*, 418 F.3d 876, 879 (8th Cir. 2005); *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005); *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005); *Mehilli v. Gonzales*, 433 F.3d 86, 93 (1st Cir. 2005); *Jean v. Gonzales*, 435 F.3d 475, 480 (4th Cir. 2006).

factors when considering § 212(c) relief is discretionary and hence insulated from this court's review. Thus, a claim that the IJ refused to consider the full import of factors favorable to petitioner is not subject to judicial review. *See Elysee v. Gonzales*, 437 F.3d 221, 223–24 (1st Cir. 2006) (finding no colorable constitutional claim or question of law where petitioner argued that IJ "complete[ly] disregard[ed]" the relevant hardships that would be faced by his children if he were deported). Moreover, the way in which the IJ employs the balancing test does not raise a constitutional claim or question of law. *See Marin*, 16 I. & N. Dec. at 584, 585 ("[The BIA] has not adopted an inflexible test for an immigration judge to use to determine as a conclusory matter whether section 212(c) relief should be granted as a matter of discretion."); *see also Matter of Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990) ("[A]s the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities."). Petitioner's contention that the IJ "ignored the case law" is not sufficient to invoke our jurisdiction, as "the mere assertion by the petitioner that the IJ 'failed to apply the law,' and thereby 'committed legal error or otherwise abused his discretion,' [does] not itself establish a 'question[] of law' over which we [have] jurisdiction under the REAL ID Act." *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006)).

Thus, Donastrong-Martinez does not raise a claim within the jurisdiction of this Court. Accordingly, we will dismiss the petition for review.