# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-2310

_____

| | | |
|---|---|---|
| Emebet Binalf Diress, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review from the |
| v. | * | Board of Immigration Appeals. |
| | * | |
| Alberto Gonzales, Attorney | * | |
| General of the United States of | * | |
| America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |
| | * | |

_____

Submitted: June 15, 2007
Filed: July 13, 2007

_____

Before MELLOY, SMITH and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Emebet Diress, an Ethiopian native, petitions this court for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her motion to reopen and her request for a discretionary waiver. For the reasons that follow, we deny Diress's petition.

After her marriage to Belai Drese, a United States citizen, Diress entered the United States as a conditional permanent resident. Diress and her husband filed a joint petition to remove the conditions on her permanent residency, but the Citizenship and Immigration Services ("CIS")[1] denied it. Following her divorce from her husband, Diress filed a single petition with the CIS, seeking a waiver of the joint-petition requirement on the basis that she had entered into her marriage in good faith. *See* 8 U.S.C. § 1186a(c)(4). The CIS denied Diress's petition, finding that Diress failed to establish that she had entered into a bona fide marriage with her husband.

The CIS subsequently placed Diress in removal proceedings. After filing an unsuccessful motion for a continuance, Diress requested that the IJ grant her a waiver of the joint-petition requirement, again on the basis that she entered her marriage in good faith. *See* 8 U.S.C. § 1186a(c)(4). The IJ denied the waiver, finding Diress's claim of a good-faith marriage unsupported by credible evidence, and entered an order of removal. Diress filed a motion to reopen based solely on an affidavit from her ex-husband stating that their marriage was bona fide. The IJ denied the motion on the grounds that Diress failed to prove the affidavit contained new or previously unavailable evidence. She appealed to the BIA, which affirmed the IJ's decisions to deny the waiver and the motion to reopen. Thereafter, Diress filed this timely petition for review.

With respect to the IJ's denial of her petition for a waiver, Diress does not raise any constitutional claims or questions of law and challenges only the IJ's credibility findings. The IJ's determinations regarding a discretionary waiver are solely within the Attorney General's discretion. *See* 8 U.S.C. § 1186a(c)(4); *Suvorov v. Gonzales*, 441 F.3d 618, 621 (8th Cir. 2006) ("[A] waiver under section 1186a(c)(4) is solely

---

[1]Effective March 1, 2003, the U.S. Immigration and Naturalization Service ceased to exist and its functions were transferred to the Department of Homeland Security as the U.S. Citizenship and Immigration Services. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 451, 116 Stat. 2135 (2002).

within the Attorney General's discretion."). Additionally, "[w]hether the qualifying marriage was entered into in good faith by the alien spouse is a discretionary factual determination." *Suvorov*, 441 F.3d at 622. Therefore, because "[w]e lack jurisdiction to review issues of fact underlying discretionary decisions of the Attorney General," *id.*, we lack jurisdiction to review the IJ's denial of Diress's petition for a waiver of the joint-petition requirement, *see id.* (noting that jurisdiction is retained only where the petitioner raises a constitutional claim or question of law).[2]

Diress also challenges the BIA's affirmance of the IJ's denial of her motion to reopen, which we review for abuse of discretion. *See Fongwo v. Gonzales*, 430 F.3d 944, 947 (8th Cir. 2005). An abuse of discretion occurs when the decision "is without rational explanation, departs from established policies . . . or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Hailemichael v. Gonzales*, 454 F.3d 878, 882 (8th Cir. 2006). Because the BIA adopted the IJ's decision with respect to the motion to reopen, we review the IJ's decision. *See id.*

A motion to reopen must present "new facts that are material to the outcome of the proceeding and were neither available nor discoverable at the prior hearing." *Fongwo*, 430 F.3d at 947 (citing 8 C.F.R. § 1003.23(b)(3)). Thus, the motion should be granted only if the new evidence "could not by the exercise of due diligence have been discovered earlier." *Id.* Diress's motion to reopen before the IJ included only an affidavit from her ex-husband stating that their marriage was bona fide. Diress claimed this information was previously unavailable because her ex-husband had gone underground and she was unable to reach him to obtain an affidavit from him until after the conclusion of the removal proceedings. The IJ observed that Diress had two years, while her case was pending, in which to locate her ex-husband and obtain his

---

[2]Although it is unclear whether Diress challenges the IJ's decision to deny her motion for a continuance, we note that we also lack jurisdiction to review this decision. *See Grass v. Gonzales*, 418 F.3d 876, 879 (8th Cir. 2005).

statement.  Diress's motion did not discuss any failed attempts to contact her ex-husband during those two years, and she provided no explanation for her ability to locate him immediately upon conclusion of the removal proceedings.  Furthermore, during the removal hearing the IJ questioned Diress's counsel about the absence of a statement or testimony from the ex-husband, to which counsel responded that she believed the evidence, as presented, was sufficient to establish a bona fide marriage.  The IJ denied the motion to reopen, finding that Diress had failed to show the evidence was previously unavailable and could not have been discovered or presented at the removal hearing.

We have recognized that "a motion to reopen is not designed to permit parties a second opportunity to select which evidence should be presented." *Fongwo*, 430 F.3d at 947.  The evidence before the IJ suggests that Diress simply chose not to present a statement from her ex-husband at the removal hearing and then sought to have the case reopened so she could produce his statement.  As such, and in light of Diress's failure to prove the affidavit was previously unavailable, we cannot conclude that the IJ abused his discretion in denying Diress's motion to reopen.

For the foregoing reasons, we deny Diress's petition for review.

_____