# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3084

_____

Roman Bermudez-Garcia,      *

                             *

         Petitioner,         *

                             *    Petition for Review of an

     v.                       *    Order of the Board

                             *    of Immigration Appeals.

Eric H. Holder, Jr.,[1] Attorney General,    *

                             *    [UNPUBLISHED]

         Respondent.      *

_____

Submitted: April 6, 2009
Filed: April 7, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Honduran citizen Roman Bermudez-Garcia (Garcia) petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's (IJ's) denial of Garcia's request for a continuance. Garcia argues that the IJ abused his discretion by denying a continuance.[2] This court has held that the IJ's discretionary

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

[2]Garcia's other arguments--that the IJ did not comply with the regulations, should have ruled on his eligibility for temporary protected status, and denied him due

decision to deny a motion for continuance is not subject to appellate review. <u>See</u> <u>Ikenokwalu-White v. Gonzales</u>, 495 F.3d 919, 923-24 (8th Cir. 2007) (no jurisdiction to review IJ's decision to deny continuance of alien's removal hearing); <u>Grass v. Gonzales</u>, 418 F.3d 876, 879 (8th Cir. 2005) (same). We are bound to follow this precedent. <u>See</u> <u>United States v. Wright</u>, 22 F.3d 787, 788 (8th Cir. 1994) (panel of this court is bound by prior Eighth Circuit decision unless prior decision is overruled by this court sitting en banc).

Accordingly, we deny the petition.

_____

_____

process--are not reviewable because Garcia has not exhausted his administrative remedies. <u>See</u> <u>Ming Ming Wijono v. Gonzales</u>, 439 F.3d 868, 871-72 (8th Cir. 2006) (if petitioner fails to raise issue in appeal to Board of Immigration Appeals, petitioner has not exhausted administrative remedies, which precludes consideration of claim in petition for review).